UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KSENIA SHNYRA, ALEXANDER REYNGOLD, and KENNETH WALKER,

                  Plaintiffs,

-against-

STATE STREET BANK AND TRUST CO., INC.,

                  Defendant.

Case No.: 19-cv-02420 (DAB)

**DECLARATION OF KSENIA SHNYRA**

---

STATE OF NEW YORK    )
                                  )ss:
COUNTY OF KINGS      )

KSENIA SHNYRA declares, under the penalty of perjury, as follows:

1. I am one of the Plaintiffs in the above-referenced action. As such, I have personal knowledge of the statements I make in this Declaration, except for those I make on information and belief.

2. I submit this Declaration in opposition to defendant State Street Bank and Trust Co., Inc.'s ("Defendant" or "State Street") Motion to Dismiss and Strike ("Motion").

3. State Street's Motion is full of baseless, contradictory assertions, and gross misstatements of facts.

4. One the one hand, Defendant complains that Plaintiffs have submitted a lengthy Complaint. At the same time, State Street claims that our allegations in the Complaint are somehow insufficient to support our claims. Nothing could be further from the truth.

5. State Street (not Plaintiffs) is entirely responsible for the size of the Complaint. Defendant went to enormous lengths, first, to try to push me out the door, by demeaning, mistreating and harassing me. And when that did not work, State Street hastily disbanded an *entire department* I headed—to cover up its wrongful termination of my employment at the Company. Under this cover, Defendant also illicitly terminated Mr. Reyngold and Mr. Walker. Such remarkable wrongdoing warranted a detailed exposition in the Complaint.

6. Moreover, the confusion and haphazard changes that accompanied State Street's rushed cover up of its wrongdoing required painstaking explanation.. Just by way of one example, State Street would make up and then change, on the fly, key components of the bogus "reduction in force initiative" (RIF) and then only after Plaintiffs identified inconsistencies and blatant misrepresentations of facts in the termination documentation provided by State Street.

7. State Street is also responsible for Plaintiffs' lack of access to information in their own employment files, requiring us to make some factual allegations "on information and belief." Again by way of example, even though (a) State Street, as a matter of its own internal policy, regularly reviewed and evaluated my performance at least twice a year and (b) I made several complaints of geneder discrimination to HR that supposedly led to investigations, none of that information was contained in the personell file State Street provided to me at my request..

8. As my counsel argues in his brief, the Complaint has sufficient allegations to support all of the Plaintiffs' various claims.

9. However, if this Court was to find some of Plaintiffs' claims unsupported (and it should not), I can state, in no uncertain terms, that Plaintiffs have ample additional and increasingly detailed factual information to submit to the Court. We have withheld this

additional information, at this juncture, for the sake of keeping our Complaint as concise-yet-informative as possible, under the circumstances.

10. Such information in Plaintiffs' possession includes, without limitation:

    a. Email correspondence by and between Plaintiffs and other individuals within State Street, both named and unnamed in the Complaint, on the subject matters relevant to Plaintiffs' claims;

    b. Written notes taken by Plaintiffs, contemporaneous with and related to the events described in the Complaint;

    c. Voice recordings and transcripts of conversations and meetings between Plaintiffs and other individuals at State Street, both named and unnamed in the Complaint, that relate to the subject matter of the Complaint;

    d. Medical records showing the extent of psychological and physical damage to my health as a consequence of State Street's mistreatment and harassment of me; and

    e. Witness accounts supporting Plaintiffs' claims.

11. All of the foregoing records and information add to the already detailed allegations in the Complaint that clearly establish, especially at this early stage (i) my claims for hostile work environment and discriminatory discharge; (ii) Mr. Reyngold's claim for age discrimination; and (iii) Mr. Walker's claim for age discrimination.

12. If necessary, Plaintiffs can, in a short time, offer this additional information to the Court by amending their Complaint.

13. I respectfully submit that all of Plaintiffs' claims should be heard by this Court.

Dated: Brooklyn, NY
July 1, 2019

/s/ Ksenia Shnyra
_____
KSENIA SHNYRA