UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KSENIA SHNYRA, ALEXANDER REYNGOLD, and KENNETH WALKER,

          Plaintiffs,

- against –

STATE STREET BANK AND TRUST CO., INC.,

          Defendant.

19-CV-02420 (DAB)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**


**NIXON PEABODY LLP**
53 State Street
Boston, Massachusetts 02109
(617) 345-1000

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

*Attorneys for Defendant*

Of Counsel:
 David S. Rosenthal, Esq.
 drosenthal@nixonpeabody.com

 David A. Tauster, Esq.
 dtauster@nixonpeabody.com

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ...................................................................................................1

    POINT I

    PLAINTIFF'S ARE RELYING UPON AN INCORRECT
    STANDARD OF REVIEW ................................................................................................1

    POINT II

    EVEN IF RE-CAST AS FAILURE TO RE-HIRE, PLAINTIFF'S
    WRONGFUL DISCHARGE CLAIMS FAIL ...................................................................3

    POINT III

    NONE OF THE PLAINTIFFS STATE A HOSTILE WORK
    ENVIRONMENT CLAIM ................................................................................................4

        A.    Dr. Shynra's Hostile Work Environment Claims Fail ................................4

        B.    Mr. Reyngold's Hostile Work Environment Claims Fail ...........................5

        C.    All of Mr. Walker's Discrimination Claims Fail .........................................6

    POINT IV

    PLAINTIFFS HAVE NO REFUTED STATE STREET'S ARGUMENTS
    IN FAVOR OF STRIKING ALLEGATIONS ..................................................................7

        A.    Plaintiffs' Race Discrimination Allegations Should Be Stricken ................7

        B.    Plaintiffs' OWBPA and WARN Act Allegations Were
            Asserted in Bad Faith ....................................................................................8

        C.    The Allegations Regarding a Prior Settlement Should Be Struck ...............9

    POINT V

    PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND...............................9

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ................................................................................................... *passim*

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) .............................................................................................................1, 2, 4

Christopher v. Laidlaw Transit Inc.,
 899 F. Supp. 1224 (S.D.N.Y. 1995) .......................................................................................1

Cruz v. Coach Stores, Inc.,
 202 F.3d 560 (2d Cir. 2000) ...............................................................................................7, 8

Gilder v. Gulino,
 2016 U.S. Dist. LEXIS 136688 (E.D.N.Y. Sep. 30, 2016) ........................................................4

Kpaka v. City Univ. of N.Y.,
 708 F. App'x 703 (2d Cir. 2017) ...........................................................................................5

Laurant v. City of N.Y.,
 2019 U.S. Dist. LEXIS 50503 (E.D.N.Y. Mar. 26, 2019) ........................................................6

Lucio v. N.Y.C. Dep't of Educ.,
 575 F. App'x 3 (2d Cir. 2014) ...............................................................................................5

Manning v. Nandor Techs., Inc.,
 2019 U.S. Dist. LEXIS 42862 (S.D.N.Y. Mar. 13, 2019) ........................................................3

Nguyen v. FXCM Inc.,
 364 F.Supp.3d 227 (S.D.N.Y. 2019) ......................................................................................9

Simon v. City of N.Y.,
 2019 U.S. Dist. LEXIS 25331 (S.D.N.Y. Feb. 14, 2019) ..................................................2, 10

**PRELIMINARY STATEMENT**

A review of Plaintiffs'[1] "Memorandum of Law in Opposition to Plaintiff's (*sic*) Motions to Dismiss and Strike" ("Opposition Brief" or "Opp. Brf.") leads to one inescapable conclusion – Plaintiffs do not understand the applicable law governing their claims or the instant motion. Plaintiffs begin the Opposition Brief by citing the incorrect standard of review for a motion to dismiss, and from there fail to offer any plausible and legally sufficient arguments to salvage their claims. Moreover, Plaintiffs' arguments in opposition to the motion to strike are at best incorrect and at worst asserted in bad faith, and the Complaint is so deficient that leave to amend should be denied as futile. Accordingly, State Street's motions should be granted, without leave to amend, plus such other and further relief as this Court deems just and proper.

**POINT I**

**PLAINTIFFS ARE RELYING UPON AN INCORRECT STANDARD OF REVIEW**

At the outset, State Street must address Plaintiffs' incorrect statement of the applicable standard of review. Plaintiffs appear to have based their *entire* motion upon the standard of review described in Christopher v. Laidlaw Transit Inc., 899 F. Supp. 1224, 1226 (S.D.N.Y. 1995). However, the standard of review stated in Christopher was overturned more than a decade ago in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and further refined in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As Your Honor has noted in explaining the Twombly/Iqbal standard of review for a motion to dismiss, while "the Court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff . . . this principle is inapplicable to legal conclusions, which, like the complaint's labels and conclusions, are disregarded. Nor should a court accept as true a legal conclusion couched as a

---

[1] All abbreviations and defined terms used herein are the same as in State Street's principal memorandum of law ("State Street's Brief" or "SS Brf.").

factual allegation." See Simon v. City of N.Y., 2019 U.S. Dist. LEXIS 25331, at *9 (S.D.N.Y. Feb. 14, 2019) (internal quotations omitted) (dismissing discrimination claims).

Plaintiffs ignore this now bedrock principle of federal practice, laboring instead under the misapprehension that their *allegations*, factual or otherwise, are entitled to the presumption of truth. Plaintiffs also disregard Iqbal's admonition that "only a complaint that states a *plausible* claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (emphasis added). Iqbal notes that ascertaining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and *common sense*." Id. (emphasis added). For instance, the Court dismissed the conspiracy claims in Twombly because while "the well-pleaded, nonconclusory factual allegation of parallel behavior . . . was consistent with an unlawful agreement . . . it did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-market behavior." Id. at 680.

Against this backdrop, the claims in the complaint which are the subject of this motion are clearly insufficient. For instance, Plaintiffs contend that an allegation to the effect that "State Street had decided to disband an entire group led by Dr. Shnyra and then quietly hire back or relocate some of those who lost their job . . . all to cover up the wrongful discriminatory nature of Defendant's harassment campaign and ultimate termination of Dr. Shnyra . . . must be taken as true and construed in light (*sic*) most favorable to Dr. Shnyra, as a non-moving party." See Opp. Brf. at 9. This is simply not the case in light of the Twombly/Iqbal standard. Indeed, this allegation is not only wholly conclusory, but clearly implausible given Plaintiffs' failure to plead any facts whatsoever which suggest the existence of any such campaign. Moreover, based on the few "well-pleaded, nonconclusory factual allegation[s]" in the Complaint, the ERAS layoff is not only consistent with, but much "more likely explained by," Mr. Plansky's decision that ERAS

2

was no longer "strategically relevant" to SSGX. See Comp. at ¶ 149; Iqbal, 556 U.S. at 680. Accordingly, the motion to dismiss should be granted in its entirety.

## POINT II

## EVEN IF RE-CAST AS FAILURE TO RE-HIRE, PLAINTIFFS' WRONGFUL DISCHARGE CLAIMS FAIL

Turning to Plaintiffs' "substantive" response to the motion to dismiss, it is clear that they have not refuted State Street's arguments in favor of dismissing the wrongful termination claims. Instead, Plaintiffs for the first time seem to suggest that the relevant employment action for purposes of their wrongful discharge claims is a "failure to re-hire."[2] However, whether couched as wrongful termination or failure to re-hire, the end result is the same – Plaintiffs do not state a *plausible* claim that they were subjected to discrimination at the conclusion of their employment.

Plaintiffs allege that *all* of the other members of the ERAS group besides them were re-hired – regardless of their gender or age. Plaintiffs do not (and, as they are aware, cannot) allege that State Street only re-hired male employees, or employees younger than forty-years old. Indeed, far from claiming that State Street selected individuals for re-hire based upon gender or age, Plaintiffs allege that they were the only employees who were not re-hired – and, even then, for the legitimate, non-discriminatory reason that "there were no corresponding positions posted for the [Managing Director] level candidates at the time." See Comp. at ¶ 70.[3]

Thus, just as Plaintiffs failed to state a claim that they were discharged due to their membership in a protected class, they have similarly failed to state a claim that the decision to

---

[2]   Plaintiffs' Complaint centers on the disbanding of the ERAS group as a whole, rather than State Street's re-hiring of personnel after the fact (aside from passing references). See Comp. at ¶¶ 3-5. None of the Plaintiffs, for instance, list a "failure to re-hire" as among the "materially adverse actions" taken against them or the ways that they were treated differently from their coworkers. See Comp. at ¶¶ 314, 339, 345, 352, 380 and 387.

[3]   Additionally, given their failure to allege that they sought these other positions, Plaintiffs' "claim for failure to rehire must fail because [they have] not alleged that [they] applied to be rehired" for any position in the first instance. See Manning v. Nandor Techs., Inc., 2019 U.S. Dist. LEXIS 42862, at *5 (S.D.N.Y. Mar. 13, 2019).

only re-hire the other employees from ERAS was discriminatory. There is not a single fact alleged in the Complaint which suggests that State Street considered any Plaintiffs' membership in a protected class in connection with the ERAS reduction in force or any subsequent re-hiring of personnel. Accordingly, the wrongful termination claims asserted in the Complaint at Count I, both Counts IV, Count V and Count IX should be dismissed.

## POINT III

## NONE OF THE PLAINTIFFS STATE A HOSTILE WORK ENVIRONMENT CLAIM

Based on the arguments in the Opposition Brief, it is clear that Plaintiffs believe that all they are required to do is allege that they were subjected to a "hostile work environment" or some type of unspecified "harassment," without more, in order for these claims to survive the instant motion. However, as addressed below and in State Street's Brief, Plaintiffs' "[c]onclusory allegations of intentional discrimination, without evidentiary support or allegations of particularized incidents, do not state a valid claim and so cannot withstand a motion to dismiss." Gilder v. Gulino, 2016 U.S. Dist. LEXIS 136688, at *15 (E.D.N.Y. Sep. 30, 2016).

A.   *Dr. Shnyra's Hostile Work Environment Claims Fail*

Dr. Shnyra's hostile work environment claims clearly do not satisfy the Twombly/Iqbal standard and should be dismissed. Certainly no one would dispute that Dr. Shnyra "alleges" that she was subject to harassment – indeed, Dr. Shnyra bandies this term about throughout the Complaint. But Twombly and Iqbal make clear that "a formulaic recitation of the elements of a cause of action will not do" in opposition to a motion to dismiss, as the "*factual* allegations [contained therein] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (emphasis added). Conversely, allegations which are "merely consistent with" liability fail "without some further factual enhancement." Id. at 557.

4

As noted in State Street's Brief, the Complaint does not contain sufficient factual enhancement to allow Dr. Shnyra's implausible allegations of harassment and a hostile work environment to survive a motion to dismiss. In the Opposition Brief, Dr. Shnyra makes no effort to bolster her claims with the required factual support – because, State Street submits, such facts do not exist. Instead, Dr. Shnyra rehashes the same verbose, repetitive and (most importantly) conclusory allegations from the Complaint, in abbreviated fashion, regarding purportedly adverse treatment by Mr. Plansky and Mr. Hopkinson.

It is, of course, not enough for Dr. Shnyra to allege that Mr. Plansky or Mr. Hopkinson were mean to her, or overly demanding – she must provide sufficient factual content to support a plausible claim that she was subjected to harassment or a hostile work environment on the basis of gender. See Lucio v. N.Y.C. Dep't of Educ., 575 F. App'x 3, 5 (2d Cir. 2014) (while the "complaint describes a number of instances when [Lucio's] former supervisor [treated employees] with hostility or disrespect" it "pleads no facts . . . that would allow a court to draw a reasonable inference that Lucio was subjected to any mistreatment or adverse action because of her race"). There is not a single quotation or specific allegation of *fact* regarding gender-based actions by either Mr. Plansky or Mr. Hopkinson, let alone enough to rise to the level of a hostile work environment claim. Indeed, other than her disparate treatment claims (which are not the subject of this motion), Dr. Shnyra offers no facts which even suggest (let alone *plausibly* allege) that she was treated less well on the basis of her gender. Accordingly, the harassment and hostile work environment claims asserted in Counts I and V of the Complaint should be dismissed.

B.   *Mr. Reyngold's Hostile Work Environment Claims Fail*

Like Dr. Shnyra, Mr. Reyngold fails to provide any factual support for the proposition that he was subjected to a hostile work environment on the basis of his age. While Mr. Reyngold

5

claims that he "experience[d] hostility at work with respect to his age," see Opp. Brf. at 10, he fails to include even a single specific example of this purported "hostility." See Kpaka v. City Univ. of N.Y., 708 F. App'x 703, 705 (2d Cir. 2017) (dismissing complaint which was "devoid of any factual allegations giving rise to an inference of discrimination, much less sufficient allegations to nudge [Plaintiff's] claims across the line from conceivable to plausible."). Instead, Mr. Reyngold merely rehashes his disparate treatment allegations (which are not the subject of this motion) and his conspiratorial claims about the existence of a "Boston Club."

Ultimately, the Boston Club allegations are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that cannot survive a motion to dismiss. Iqbal, 556 U.S. at 678. Mr. Reyngold cannot simply allege that the Boston Club exists, and that its existence created a hostile work environment, without "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Laurant v. City of N.Y., 2019 U.S. Dist. LEXIS 50503, at *23-24 (E.D.N.Y. Mar. 26, 2019) ("[a]lthough this bald allegation, even if accepted as true, arguably constitutes discriminatory bias, it is nothing more than a conclusory allegation, and plaintiff provides no further factual support to infer direct discriminatory motive by defendants."). Given the lack of specific allegations of harassment, or *any* age-based comments or actions, Mr. Reyngold's hostile work environment claims in the first Count IV and Count VIII of the Complaint fail.

C.   *All of Mr. Walker's Discrimination Claims Fail*

Finally, from reviewing the Opposition Brief, it is not entirely clear if Plaintiffs are arguing that Mr. Walker has asserted a hostile work environment claim. The only claim addressed in the Opposition Brief is Mr. Walker's claim for wrongful discharge (however

6

defined). Regardless, it is apparent that Mr. Walker *does not state any discrimination claim whatsoever*, and particularly any claim sounding in harassment or a hostile work environment.

As noted in State Street's Brief, the conclusory allegation that Mr. Walker's hiring was delayed because of his age is not entitled to the presumption of truth in the absence of additional factual support. Plaintiffs' argument in the Opposition Brief, that there is factual support for those allegations based upon "[t]he fact that State Street also discriminated against Mr. Reyngold on the basis of age," see Opp. Brf. at 13, is completely without merit. Because Mr. Reyngold provides no factual support for his own hostile work environment claims, those claims cannot support Mr. Walker's. Given Plaintiffs' failure to plead any facts which suggest that Mr. Walker was the victim of any form of discrimination, his claims set forth in the second Count IV and Count IX of the Complaint should be dismissed in their entirety.

## POINT IV

### PLAINTIFFS HAVE NOT REFUTED STATE STREET'S ARGUMENTS IN FAVOR OF STRIKING ALLEGATIONS

A.  *Plaintiffs' Race Discrimination Allegations Should Be Stricken*

Plaintiffs' arguments in opposition to the motion to strike are just as deficient as their opposition to the motion to dismiss. As addressed in State Street's Brief, there is no allegation of race discrimination in this matter, so those allegations are solely asserted to inflame the trier of fact and should be struck. Plaintiffs do not refute this point, and instead cite to Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000), for the proposition that "a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claims." However, the quote from Cruz (which addressed a motion for summary judgment rather than to dismiss) related to the plaintiff asserting *her own* claim of a race-based hostile work environment by citing to examples of harassment against, and

7

*specific* "loud racial comments" directed towards, other employees. Id. at 570-1. Thus, Cruz is inapplicable both because Plaintiffs are not asserting their own claims of race discrimination and because there are no specific details underlying the race discrimination allegations in the Complaint (which, as noted in State Street's Brief, are solely based "upon information and belief"). Accordingly, the race discrimination allegations should be struck from the Complaint.

B.   *Plaintiffs' OWBPA and WARN Act Allegations Were Asserted in Bad Faith*

Plaintiffs' arguments in favor of preserving their OWBPA and WARN Act allegations warrant close scrutiny by the Court as it is apparent that these claims were asserted in bad faith, and without any actual knowledge of what the two statutes require. First, rather than addressing State Street's arguments relating to the OWBPA, Plaintiffs falsely suggest an admission by State Street that does not exist. Plaintiffs claim that "Defendant's counsel also admits that 'OWBPA would be relevant to the extent Mr. Walker or Mr. Reyngold were alleging that they were not provided the correct disclosures," see Opp. Brf. 16, as though this is a concession by State Street that the claims have merit. But that is not the end of the quoted sentence, as Plaintiffs imply. The full quotation actually continues by stating ". . . and review period in connection with a release of claims which they executed." See SS Brf. at 24. It is this latter portion of the sentence which matters – the OWBPA is not about whether a disclosure is incorrect, but rather whether a release of claims is effective. As neither Mr. Walker nor Mr. Reyngold actually executed a release, the OWBPA is irrelevant, and any allegation that State Street violated the statute should be struck.

Equally troubling is Plaintiffs' attempt to address the motion to strike the WARN Act allegations. In response to State Street (correctly) noting that Plaintiffs failed to plead the statutory criteria for the WARN Acts to apply, Plaintiffs state that "it is highly disingenuous for Defendant to now claim that it had no obligation to issue WARN Act notices to affected

8

employees . . . because ERAS was not large enough to require such notices." See Opp. Brf. at 16. This statement is nonsense, as the WARN Acts are inapplicable *unless* the mass layoff at issue is "large enough to require such notice." Plaintiffs' argument leads to one of two conclusions – either Plaintiffs did not know what the WARN Acts required when they asserted these allegations in the Complaint, or they knew that the WARN Acts were not violated and elected to include the allegations anyway. In either event, the allegations should be struck, and the Court should review whether further action is warranted based upon Plaintiffs' bad faith pleading.

C.   *The Allegations Regarding a Prior Settlement Should Be Struck*

Finally, Plaintiffs have also not refuted the arguments for striking their allegations relating to State Street's prior settlement of a pay equity claim. If anything, Plaintiffs have provided support for why these allegations are asserted in bad faith, and are nothing more than prejudicial content rather than substantively relevant. Plaintiffs' argument appears to be that the settlements are relevant because of State Street's denial of liability in connection with the settled claims, not because the settlement itself is factually relevant to the instant Complaint. That distinguishes this settlement from the one at issue in Nguyen v. FXCM Inc., 364 F.Supp.3d 227 (S.D.N.Y. 2019), cited by Plaintiffs, because the claims previously settled by State Street do not "form the basis of" Dr. Shnyra's claims (let alone Mr. Walker's or Mr. Reyngold's). State Street's prior settlement of a disparate treatment claim is simply not relevant to the instant litigation, and as such the allegations should be stricken from the Complaint.

## POINT V

## PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND

Finally, Plaintiffs should not be granted leave to file an amended Complaint. As Your Honor has noted, "a court may dismiss without leave to amend when amendment would be

9

'futile,' or would not survive a motion to dismiss." Simon, 2019 U.S. Dist. LEXIS 25331 at *29. It is clear that the claims State Street is moving to dismiss have no basis in fact, so Plaintiffs are incapable of offering an amended pleading that would withstand a second motion to dismiss.

Plaintiffs attempt to support their request for leave to amend by submitting the Declaration of Ksenia Shnyra ("Shnyra Dec."). This Declaration purports to include "additional information" which could be added to an amended Complaint. See Shnyra Dec. at ¶ 10. But none of this information is in the form of factual allegations – rather, it consists of purported "evidence" to support Plaintiffs' presently insufficient claims, such as "[e]mail correspondence" and "[w]ritten notes." Id. Thus, as even an amended complaint including this additional information would be subject to dismissal, leave to amend should be denied.

Plaintiffs' attempt to rely upon correspondence from State Street's counsel to support their request to amend is ludicrous. Counsel briefly discussed a proposal in which State Street would identify the allegations it was moving to *strike* (*not* those it was moving to dismiss) in exchange for Plaintiffs' consent to an extension of time to respond to the Complaint. However, Plaintiffs refused to consent, and accused State Street of seeking the adjournment in bad faith. (See Docket Entry 12).[4] Regardless, nothing about the communications between counsel changes the reality that the Complaint is fatally deficient and that no amendment can salvage its faults.

## CONCLUSION

For the foregoing reasons, and those set forth in State Street's Brief, State Street's motions should be granted, plus such other and further relief as the court deems just and proper.

Dated: July 16, 2019  
      Jericho, New York

NIXON PEABODY LLP  
    */s/ David A. Tauster*  
David A. Tauster

---

[4] Those prior accusations that State Street was seeking extensions in bad faith and to delay the litigation are ironic in light of the fact that Plaintiffs filed the Opposition Brief late (on July 2 rather than on July 1), without any subsequent expression of remorse or acknowledgment of having inexplicably missed their filing deadline.

4851-4098-3708.1