UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KSENIA SHNYRA, ALEXANDER REYNGOLD, and KENNETH WALKER, | Case No.: 19-cv-02420 (GHW) |
| Plaintiffs, | **DECLARATION OF KSENIA SHNYRA** |
| -against- | |
| STATE STREET BANK AND TRUST CO., INC., | |
| Defendant. | |

STATE OF NEW YORK    )
                                        )ss:
COUNTY OF KINGS    )

KSENIA SHNYRA declares, under the penalty of perjury, as follows:

    1.    I am the main Plaintiff in the above-referenced case.

    2.    Due to the difficulty in collaborating efficiently with my attorney, I have no option other than to reach out directly to the opposing counsel and the Honorary Judge Gregory H. Woods.

    3.    I understand that the audience might allow "for a scant weight" of this request as outlined in the court opinion on November 24, 2020. Still, I have no other choice but to set the stage and outline the situation I am facing and request to allow me to participate in the conference on December 2, 2020, personally. Please note that I have no intention to request any extensions, and this motion is primarily motivated by my strong desire that the schedule is tightly followed. On November 29, 2020, at 12:28 pm, Mr. Ratner informed me that he has just been admitted to

ER with another kidney stone, which, in my view, is likely to cause another extension if the court does not grant my request for personal participation.

4. While I understand that as a Plaintiff, I have voluntarily chosen the counsel for representation, up until November 29, 2020, I have not been aware of the severity of the medical issues attacking Mr. Ratner (both physical and emotional). I was also not aware of the depth of the problems surrounding discovery and proceedings and the situation's overall gravity. Only once I read on November 29, 2020, his motion outlining the health issues and all the docket documentation, these issues were fully uncovered to me.

5. I have been reliant on Mr. Ratner to provide me with practical information regarding proceedings, expectations for timelines, and discovery as expected in attorney-client relationships.

6. I have been aware of the extensions Mr. Ratner has been requesting due to his medical issues (COVID-19, car accident, kidney stone surgery) other than depression and relocation. I have also been aware that Mr. Ratner suffered from depression in the past. It has caused my co-Plaintiffs and me to request help and oversight from one of the partners from Emergent LLC, the firm he was with at the time (I can provide evidence to demonstrate this claim's validity). However, my firm belief was that he had these issues well under control, and I am deeply regretful he suffers from the same problems again.

7. I also requested an extension myself recently due to my exposure to COVID-19. My child was not attending the daycare during this period, requiring me to be the primary caregiver while she had viral symptoms (as expected at quarantine), which prevented me from spending any additional time on discovery. As a cancer patient in remission, a mother of a two-year-old, and a full-time financial professional, I requested this extension to avoid complete exhaustion, unaware

2

that this indeed was "the last straw that broke the camel's back." On the advice of my counsel, it was brief. I was not aware that no accompanying motion was submitted to this declaration. The fact that the court and opposing counsel had any questions as to why extension due to COVID-19 was invoked seven months into the pandemic was not disclosed.

8.  I would also like to clarify that the declaration submitted by me asking for an extension due to COVID-19 indicating that I would be working on submitting the materials to my attorney refers to the very final review of the most relevant documents to avoid "documentation dump," and by no means was the first or second of such reviews or the beginning of thereof or initial collection.

9.  I have not been aware that there were issues with the quality of the documents submitted to the court and opposing party, missing signatures, missing Memorandum of Law and response to interrogatories submissions, requests for additional details from the Plaintiffs that were not provided, specific objections by the opposing party to the extensions. I have not been aware of the overall need for court interference to assist with the proceedings.

10. I am utmost sure other Plaintiffs in the case can attest to the same.

11. While the lack of relevant knowledge does not relieve me from the obligation to be knowledgeable of the court proceedings, I want to attest under oath that I was not aware of them at the time. I am deeply apologetic for all of the delays and issues that have arisen, and none of them were willful obstructions on my side.

12. There appears to be a large gap in communication with my attorney, Mr. Ratner, on the topics mentioned above, but I can assure you that it is not due to my side's lack of interest or any other ill intent. I believe Mr. Ratner did, and is to this date, facing significant medical and emotional issues that severely impacted his proceedings with the clients and the court itself.

13. It has never been my intent to obstruct the court proceedings or cause any delays. Moreover, as the opposing party notices in their motions, I have provided detailed documentation to the EEOC documentation and had substantial documentation that needed to be reviewed for discovery in my procession.

14. I have submitted all relevant documentation to my attorney, and motions with objections and responses to interrogation and objections were submitted in their final signed version for myself on October 30, 2020, and for two other plaintiffs on November 2, 2020. I never intended to waive the right to discovery objections that can be made transparent from the submission emails to my attorney.

15. All of the voice recordings, financial reconciliation files, contracts, and email correspondence are in Mr. Ratner's possession. He had assured me that it was filed weeks before the November 24, 2020 court opinion was issued.

16. Have I known that there were more details needed or objections risen to this extension from the opposing attorney or court, I would have thought of not only providing additional documentation on my extension declaration itself but also consider whether I would be able to address partial requests of the opposing party to ensure they have received at least a partial submission, or at least attempted to agree with the opposing party partial submission. However, I was not aware of the situation at the time. Neither was I aware that the opposing counsel has filed for dismissal of the case, and there have been already several warnings issued before filing.

17. I have learned about the court opinion of November 24, 2020, through the BloombergLaw.com article, which by itself is sufficient to illustrate the gap in communication with my attorney. I have spoken with Mr. Ratner on November 27, 2020, and he reiterated that all of the discovery and relevant responses to interrogatories as well were filed. We should have been

in touch on Sunday with the draft of the motion. Still, I could not reach Mr. Ratner on the evening of November 28, 2020, and throughout the morning of November 29, 2020, which made me worried that there might be circumstances beyond his control that will adversely impact the case. I reiterated to Mr. Ratner my concerns on the case's status via text messages once I reviewed all docket documentation. In the afternoon of November 29, 2020, Mr. Ratner notified me that he is back to the ER with another kidney stone but may be able to work several hours later. He also noticed that Gina Buchanan, his legal secretary, can file any documentation on his behalf in the meantime. This news of his health issues came as a complete surprise to two other Plaintiffs and me and indeed an even more unfortunate step in the chain of tragic events that preceded it.

18. I have completely familiarized myself with the docket materials from the beginning of the year until November 24, 2020, just now, November 29, 2020, and understand the full severity of the issues the proceedings faced this year.

19. I want to attest that I had no influence on the extensions requested by my attorney due to his medical issues up and including the current date.

20. I neither benefited from them nor instigated them as opposing counsel and court opinion ascertain. I would learn about them as they have risen on the same short notice that the court did, and I never questioned the legitimacy of these issues. I want to emphasize that I am extremely worried that these issues caused a long-lasting impact not only on the case proceedings but also on other aspects of my life. My professional reputation, employment eligibility, physical and emotional well-being are directly impacted by the proceedings' delays, court opinion, and press coverage.

21. I am fully committed to assisting the court and opposing counsel with proceedings in the shortest possible time to move forward with this case. I have been aware neither of the

technical issues Mr. Ratner had with his share drives nor any information regarding the paternity leave in November anticipated by the opposing counsel.

22. To avoid any miscommunications, I would like to request permission to be a part of the conference of December 2, 2020, and request that opposing counsel contacts me directly to discuss the submission schedule before the conference call on December 2, 2020.

23. While I remain very supportive of Mr. Ratner and his legal counsel, and I hope that he will be available to attend the conference on December 2, 2020, and continue to provide his valuable guidance, and will be able to join the scheduling call with Defendant's counsel, I want to avoid the mistakes of the past where gaps in communication with my attorney may cause further issues with court and opposing counsel, and any unnecessary tensions and frustrations as none of these are my intents.

24. It will also allow opposing counsel to outline all and any outstanding materials due and cross-reference them to ensure the most complete and timely submission or re-submission if needed.

25. In the event my motion is not granted, I want the parties to take notice that, at this time, this motion is the only option available to me to assist with discovery and all court proceedings as I am unable to work efficiently with my attorney and remain concerned about his medical situation. I would like to reiterate that I am very committed to moving the proceedings forward with no delays.

Dated: Brooklyn, NY
       November 29, 2010

_____
KSENIA SHNYRA