UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KSENIA SHNYRA, ALEXANDER REYNGOLD, and KENNETH WALKER, <br><br> Plaintiffs, <br><br> - against – <br><br> STATE STREET BANK AND TRUST CO., INC., <br><br> Defendant. | 19-CV-02420 (GHW) |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF**
<u>**AN AWARD OF ATTORNEY'S FEES**</u>

Defendant State Street Bank and Trust Co., Inc. ("State Street"), by its attorneys, hereby submits this Affidavit of Counsel pursuant to the Court's Order on Sanctions against Plaintiffs Ksenia Shyra, Alexander Reyngold and Kenneth Walker (together, the "Plaintiffs") and their counsel of record in this action Mikhail Ratner.

1.  On November 24, 2020, the Court issued a Memorandum Opinion and Order (the "Order") with respect to State Street's Motion for Sanctions (the "Motion"). The Court granted the Motion in part, stating that Plaintiffs must pay the reasonable costs and expenses incurred chasing after all of the discovery it was owed after the September 18, 2020 deadline ordered by the Court – including, the reasonable costs and expenses Defendant's counsel incurred in writing emails to his adversary and letters to the Court, participating in meet and confers and court-ordered conferences, and in making this motion. (These tasks are referred to herein as the "Compensable Tasks.")

The Court directed State Street to submit a fee application documenting proof of its fees and expenses for the Compensable Tasks, by no later than December 11, 2020. This Affidavit of

Counsel, with the attached invoices, is submitted pursuant to this Order. The facts set forth in this Affidavit are true to my knowledge.

2. Annexed hereto are the invoices submitted by Nixon Peabody LLP (the "Firm") for its representation of State Street in this action, covering time billed on this matter during the months of September, October and November 2020 (as Exhibits 1, 2 and 3, respectively). As the Order directed that the Sanctions relate to the time and expenses incurred after September 18, 2020, Exhibit 1 (for September time) is redacted to eliminate time entries before September 18. All of the above invoices are also redacted to exclude fees billed in this case relating to tasks which do not fall within the definition of Compensable Tasks as set forth in the Court's Order.

3. The attorneys who worked on this matter, and the Compensable Tasks, are David Tauster (hourly billing rate of $476), David Rosenthal (hourly billing rate of $812) and Michael Caputo (hourly billing rate of $300). Gail Rosner, a paralegal, assisted Mr. Tauster (hourly billing rate of $248). The hourly billing rates represent a substantial discount from the usual billing rate for these Firm personnel, in accordance with the Firm's agreement with State Street generally.

4. The descriptions of tasks on the invoices performed by Firm personnel speak for themselves. None of those descriptions for Compensable Tasks has been redacted. The invoices are true and accurate copies of the invoices sent by the Firm to State Street in accordance with the Firm's usual billing practices, except for the redactions referenced in paragraph 2.

5. David Tauster was the attorney who handled the interactions with Mr. Ratner directly (speaking to him, writing letters and emails), and with the Court. As the senior partner responsible for this client and this matter, I supervised Mr. Tauster from time to time, but my involvement was not substantial until after he went on parenting leave. Because of the

difficulties encountered by Mr. Tauster in seeking the discovery to which State Street was entitled, I provided advice to Mr. Tauster (an associate) regarding steps he should take to secure what was not being produced by Plaintiffs. Mr. Caputo, a more junior associate, assisted Mr. Tauster as needed; his time was not substantial. The hours breakdown, as reflected on the attached invoices, is as follows:

- Tauster     44.1 hours billed     ($20,996.60)
- Rosenthal   18.0 hours billed     ($14,616.00)
- Caputo      3.8 hours billed      ($1,140.00)
- Rosner      1.5 hours billed      ($372.00)

Thus, the total fees incurred was $37,119.60, based on 67.4 hours of work, at the rates set forth in paragraph 3.

6. Given the discounted hourly rate charged to State Street; the persistence which was necessary to chase Plaintiffs for discovery; the letters, motion and brief which were filed to obtain a successful result; and the preparation for and attendance at court conferences, I believe the total amount charged to State Street for the Compensable Tasks was fair and reasonable, and should be awarded in full by the Court. These fees would not have been necessary but for Plaintiffs' failure to comply with their discovery obligations under the Federal Rules and this Court's Orders.

7. I also note that State Street has not yet received from Plaintiffs all of the discovery to which it is entitled. State Street has not yet received a full document production or supplementation of interrogatory answers as required. This would have been part of the discussion at the aborted December 2, 2020 conference. None of the time incurred with respect

- 4 -

to that conference has been included in this fee application, except for one entry on November 30, 2020 for my preparation for that anticipated conference.

Sworn to under the pains and penalties of perjury this 7th day of December, 2020.

                                                      */s/ David S. Rosenthal*
                                                David S. Rosenthal

- 5 -

## CERTIFICATE OF SERVICE

The above document was served electronically on December 7, 2020 on all counsel of record.

                                                      */s/ David S. Rosenthal*
David S. Rosenthal
Nixon Peabody LLP
53 State Street
Boston, MA 02109
617-345-1000