USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/21/20_____

| | |
|---|---|
| **From:** | Ksenia Shnyra |
| **To:** | Woods NYSD Chambers |
| **Cc:** | Mikhail Ratner; Tauster, David; Rosenthal, David |
| **Subject:** | Case No.: 19-cv-02420 (GHW): Plaintiff Shnyra"s Objections to Defendant"s Statement of Fees Pro Se |
| **Date:** | Friday, December 18, 2020 5:53:35 PM |
| **Attachments:** | PLAINTIFF SHNYRA'S OBJECTIONS TO DEFENDANT'S STATEMENT OF FEES AND EXPENSES FILED ON DECEMBER 7, 2020, PRO SE.pdf |

**CAUTION - EXTERNAL:**

Dear Judge Woods:

I am the main plaintiff in the above-captioned matter. I write to respectfully submit the objections to Defendant's December 7, 2020 application for attorney fees and cost for the reasons outlined in the enclosed documentation.

Very truly yours,

Ksenia Shnyra, PhD

Encls.


cc: All counsel of record


**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KSENIA SHNYRA, ALEXANDER REYNGOLD, and KENNETH WALKER, <br><br>           Plaintiffs, <br><br> -against- <br><br> STATE STREET BANK AND TRUST CO., INC., <br><br>           Defendant. | Case No.:  19-cv-02420 (GHW) |

**PLAINTIFF SHNYRA'S OBJECTIONS TO DEFENDANT'S STATEMENT OF FEES**

**AND EXPENSES FILED ON DECEMBER 7, 2020, *PRO SE***

Plaintiff states the following objections to the Defendant's Statement of Fees and Expenses

Related to the Sanctionable Conduct of Plaintiffs and Their Counsel filed on December 7, 2020.

**<u>Introduction</u>**

1.      On November 24, 2020, the Court issued a Memorandum Opinion and Order (the

"Order") with respect to State Street's Motion for Sanctions (the "Motion"). The Court granted

the Motion in part, stating that Plaintiffs and their counsel must pay the reasonable costs and

expenses incurred chasing after all of the discovery it was owed after the September 18, 2020

deadline ordered by the Court — including, the reasonable costs and expenses Defendant's

1

counsel incurred in writing emails to his adversary and letters to the Court, participating in meet and confers and court ordered conferences, and in making the Motion.

2.      The Court directed State Street to submit a fee application documenting proof of its fees and expenses on the above-mentioned tasks, by no later than December 11, 2020. The Affidavit of Defendant's Counsel ("The Affidavit"), with attached invoices, was submitted by the Defendant's counsel pursuant to this Order on December 7, 2020.

3.      Defendant's counsel overreached in claiming $37,119.60 in fees and expenses for incurred chasing after all of the discovery it was owed after the September 18, 2020 deadline ordered by the Court—namely, the reasonable costs and expenses Defendant's counsel incurred in writing emails to their adversary and letters to the Court, participating in meet and confers and Court-ordered conferences, and in making the Motion.

4.      In order to recover attorney fees, three conditions must be met for the reasonableness of the time billed. First, the hours submitted must be adequately documented. See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1] 36, 1148 (2d Cir. 1983). Second, the records must not be overly vague. See Hensley, 461 U.S. at 433. Finally, the billed time must have been reasonably spent. Id. at 434.

5.      Plaintiff challenges the Defendant's counsel declared expenses on each of these grounds, arguing that their submissions are deficient in their documentation and substance. As follows from the detailed analysis of the Affidavit included herein, Defendant's counsel:

(a)      Included time outside of the declared court window for sanctions (September 19, 2020 – November 24, 2020) extending the demands to November 30, 2020;

(b)      Claimed unreasonable hourly rates for the main billers;

(c)      Claimed amounts under their name for the work that they did not perform first hand as the same tasks' conclusion was previously attested to be "on information and belief" in their previous affidavits (i.e., tasks that timekeeper claimed to have no first-hand knowledge of); and claimed payments for the work that would reasonably be needed to be performed regardless of the delays claimed by Defendant (tasks related to the analysis of the discovery documentation production);

(d)      Claimed unreasonable amounts of time for some of the tasks they performed when Plaintiff analyzed these tasks against Defendant's supporting evidence for the Motion for Sanctions and or to compel filed on October 21, 2020 (email exhibits);

(e)      Included in their request ample time spent with their client on briefing the client on the matters. Scheduled client updates are an ordinary business course and do not change with the need to chase the Plaintiff's attorney.

 (f)      Additionally to point (e) above, some of the billers provided unreasonably vague descriptions of the services rendered, purposely lumping the report items with extensive billable hours with client updates to create further ambiguity, which constitutes inadequate documentation for the purposes of a fee application (block billing).

(g)      Included in the Affidavit calculations that are deficient due to multiplication and summation errors.

6.      Because of the deficiencies pointed above, the Defendant's total claim for the Compensable tasks should be substantially reduced to no more than **$15,657.45** which is more than reasonable compensation for the limited matters for which the Court has allowed recovery.

**Argument**

**Defendant's counsel included expenses for time outside of the declared court window:**

7.        The Court order in its description of the reasonable cost and expenses (the "Compensable Tasks") has directed the Defendant's counsel to submit a fee application of cost and expenses incurred chasing after all of the discovery it was due since September 18, 2020 and in making the Motion. No expenses past the Court order on November 24, 2020, granting the Motion, appear to be awarded. In view of the previous, the following tasks should not be considered Compensable and should be struck from the fee application:

(a) 11/25/20   - M. Caputo:   0.5 hour for "Review and analyze invoices involving work related to motion for sanctions. Review and analyze court's 11/24/20 order regarding case status conference. Correspond with plaintiffs' counsel regarding discovery issues."

(b) 11/30/20 - D. Rosenthal:  1.8 hour for "Review decision on sanctions motion. Prepare for conference on Wednesday."

(c) 11/30/20 - M. Caputo:     0.4 hour for "Correspond with M. Ratner regarding outstanding discovery issues. Review and analyze Plaintiffs' discovery responses in preparation for meet and confer with plaintiffs' counsel."

**Unreasonable hourly rates for the main billers:**

8.        The Affidavit relies on using the Boston billable rate of Nixon Peabody to establish hourly rates, as follows from submitted invoices (both payee and payer provide addresses in Massachusetts). The Affidavit fails to articulate why a discretionary methodology

based on the billable hours outside of the community where the Court sits provides an objective and predictable calculation.

9.      The Supreme Court has stated a clear preference for the lodestar calculation when determining the amount and reasonableness of an attorney fee application (Perdue v. Kenny A., 559 U.S. 542 (2010). The Supreme Court in Perdue stated that the lodestar fee figure, which is determined by multiplying a reasonable hourly rate by the number of hours reasonably and necessarily incurred in performing the services for which the fee application is made, presumptively yields a reasonable fee. Millea v. Metro-N. R. Co., 658 F.3d 154, 6 (2d Cir. 2011) (citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The fee determined by the lodestar method is presumed reasonable because it "is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." Blum v. Stenson, 465 U.S. 886,897 (1984) .

10.     In the Second Circuit, the "relevant community to which the court should look is the district in which the case was brought." Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381,386 (S.D.N.Y. 2000) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987»).

11.     Southern District of New York in Brig et al. v. Port Authority Trans Hudson, No. 1:2012cv05371 - Document 73 (S.D.N.Y. 2014), also orders application of the lodestar to establish reasonable fee calculation.

12.     Plaintiff argues that the application of the lodestar model should be used to establish objective and predictable calculation given the arguments mentioned above. Once the model is established, a question of the rates is further reviewed.

13.     Defendant's counsel establishes the following hourly rates: David Rosenthal - hourly billing rate of $812, David Tauster - hourly billing rate of $476, Michael Caputo - hourly billing rate of $300, and Gail Rosner, a paralegal - hourly billing rate of $248 as per page 3 paragraph 5 of the Affidavit.

14.     To determine the currently prevailing reasonable rate, one should look first to the lawyer's level of experience." Wong v. Hunda Glass Corp., 09 Civ. 4402 (RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1,2010). It is noteworthy that the Affidavit submitted by the Defendant's counsel does not assert the lawyers' level of experience and years since graduation to facilitate accurate application of the lodestar calculation model.

15.     In view of the foregoing, Plaintiff argues that the rates declared in Affidavit are excessive in view of prevailing market rates. Here, the relevant community is the Southern District of New York. In this district, in a 2011 civil rights case, this Court awarded a supporting co-counsel with twenty-two years of experience, eleven of which had been devoted to "his own practice focused on civil rights litigation," an hourly rate of $450. Barbour v. City of White Plains, 788 F. Supp. 2d 216,225 (S.D.N.Y. 2011), affd, 700 F.3d 631 (2d Cir. 2012).

16.     In 2009, an Eastern District of New York court analyzing the rates awarded in the Southern District found that "[a] review of precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, with average awards increasing over time." Vilkhu v. Citv ofNew York, 06 Civ. 2095 (CPS), 2009 WL 1851019, at *4 (E.D.N.Y. June 26, 2009) (collecting cases), vacated on other grounds, 372 F. App'x 222 (2d Cir. 2010).

17.     In 2013, a court in the Southern District of New York found that "rates on the higher end of this [$250 to $600] spectrum [are] reserved for extraordinary attorneys held in

unusually high regard in the legal community." Chen v. TYT E. Corp., 10 Civ. 5288 (P AC),

2013 WL 1903735, at (S.D.N. Y. May 8, 2013) see also Wong, 2010 WL 3452417, at *3 ("[T]he

range of fees in this District for civil rights and employment law litigators with approximately

ten years' experience is between $250 per hour and $350 per hour."); Heng Chan v. Sung Vue

Tung Corp., 03 Civ. 6048 (GEL), 2007 WL 1373118, at *3 (S.D.N.Y. May 8, 2007) (awarding

$450 to first-chair attorney with sixteen years' experience and $400 to advisory attorney with

fifteen years' experience); Garcia v. Giorgio's Brick Oven & Wine Bar, 11 Civ. 4689 (FM), 2012

WL 3339220, at *7 (S.D." N.Y. Aug. 15, 2012) (recommending an award $350 per hour to

employment attorney with 13 years' experience), adopted by 11 Civ. 4689 (LLS), 2012 WL

3893537 (S.D.N.Y. Sept. 7,2012).

18.     Plaintiff argues that appropriate rates, adjusted for inflation, should be as

following:

19.     David Rosenthal's reasonable hourly billing rate is $513. David Rosenthal's rate

calculation is based on an hourly rate of $450 circa 2011 adjusted for inflation of 13.9%  and

under the assumption of on or about 20 years of relevant experience (see Barbour v. City of

White Plains, 788 F. Supp. 2d 216,225 (S.D.N.Y. 2011), affd, 700 F.3d 631 (2d Cir. 2012)[1].

Plaintiff divides the November 2020 CPI (253.826) by November 2011 CPI (222.813) to obtain

the inflation from 2011 to 2020 (13.9%). Plaintiff multiplies the rate of $450 by 113.9%  to

obtain the inflation adjusted $513 hourly rate for 2020.

20.     David Tauster's reasonable hourly billing rate is $355. David Tauster's rate

calculation is based on an hourly rate of $300 as of 2010 adjusted for inflation and assumption of

---

[1] The inflation between 2011 and 2020 is obtained from the Bureau of Labor Statistics, CPI for Urban Wage Earners and Clerical Workers (CPI-W) time series (https://data.bls.gov/timeseries/CWUR0000SA0) as per Exhibit C.

under ten years of experience (see Wong, 2010 WL 3452417)[2]. Plaintiff divides the November

2020 CPI (253.826) by November 2010 CPI (214.75) to obtain the inflation from 2011 to 2020

(18.2%). Plaintiff multiplies the rate of $300 by 118.2% to obtain the inflation adjusted $355

hourly rate for 2020.

21.    Michael Caputo's reasonable hourly billing rate is $296 based on an hourly billing

rate of $250 as of 2010 adjusted for inflation (see Wong, 2010 WL 3452417)[3]. Plaintiff divides

the November 2020 CPI (253.826) by November 2010 CPI (214.75) to obtain the inflation from

2011 to 2020 (18.2%). Plaintiff multiplies the rate of $250 by 118.2% to obtain the inflation

adjusted $296 hourly rate for 2020.

22.    For Gail Rosner, a paralegal, the hourly billing rate of $248 remains

unchallenged.

23.    To further establish calculation under the lodestar model, the Compensable tasks

as presented by Defendant's counsel are reviewed.

**Defendant's counsel claimed amounts under their name for the work that they did not**

**perform first hand:**

24.    Attached hereto as Exhibit A is a tabulation of the hours within Defendant's

Affidavit that, based upon their dates and descriptions, are declared under the penalty of perjury

to have been spent on Compensable tasks. Such work includes 1.3 hours on September 25, 2020

by D. Tauster on "Preliminary review and analysis of the initial document production from K.

Shnyra and A. Reyngold" and 0.2 hours on October 1, 2020 by D. Tauster  for "Preliminary

review and analysis of the K. Walker document production."

---

[2] The inflation between 2010 and 2020 is obtained from the Bureau of Labor Statistics, CPI for Urban Wage Earners and Clerical Workers (CPI-W) time series (https://data.bls.gov/timeseries/CWUR0000SA0) as per Exhibit C.
[3] The inflation between 2010 and 2020 is obtained from the Bureau of Labor Statistics, CPI for Urban Wage Earners and Clerical Workers (CPI-W) time series (https://data.bls.gov/timeseries/CWUR0000SA0) as per Exhibit C.

25.     The Affidavit of David Rosenthal as of December 7, 2020 ascertains that David Tauster did perform the preliminary review himself, hence the charges are recorded under his name.

26.     However, it is worth mentioning that in the Declaration of David A. Tauster filed on October 21, 2020 (Document 67in the docket) on page 16 in paragraph 69, on page 17 in paragraph 74, and on page 19 in paragraph 88, these tasks are listed "on information and belief", implying that David Tauster himself, did not have firsthand knowledge about initial discovery documentation equivalency to the EEOC exhibits at the time of the first affidavit, direct quotes included:

27.     "69. Dr. Shnyra's document production consisted of a single 180-page PDF. On information and belief, the entire production consisted solely of documents which Dr. Shnyra submitted to the EEOC as a part of her administrative complaint."

28.     "74. On information and belief, this personnel file was not included in Dr. Shnyra's document production."

29.     "88. This "first batch" consisted of a single, 14-page PDF. On information and belief, this production also only consisted of documents which Mr. Ratner previously submitted to the EEOC on Mr. Walker's behalf."

30.     In no uncertain terms Mr. Tauster states that preliminary analysis and review of the documentation production was not performed by him first hand, yet sworn affidavit of David Rosenthal as of December 7, 2020 indicated to the contrary, billing these activities under Mr. Tauster name with a corresponding rate.

31.     The Plaintiff would like to bring this identified logical flaw of both Affidavits to the attention of the Court as it raises questions the legitimacy and accuracy of the records and sworn testimonies produced by both Defendant's counsel.

32.     Plaintiff argues that for the purposes of the Compensable Tasks both of these records should be excluded from the calculations. Not only it appears Mr. Tauster did not perform them himself, but they would also need to be performed regardless of any delays.

**Defendant's counsel claimed unreasonable amounts of time for some of the tasks they performed:**

33.     As Plaintiff continued to scrutinize the Defendant's counsel's records, one other instance that raised concerns on the reasonableness was time allocated to reading correspondence from and writing correspondence to Mr. Ratner by Defendant's counsel. Courtesy of the Motion filed by Defendant's counsel on October 21, 2020, these emails' exact contents are available for analysis. Upon the detailed word by word review of the provided 37 Exhibits from Defendant's Motion on October 21, 2020 (Exhibit A through Exhibit KK inclusive), Plaintiff arrives at the following conclusions:

34.     Overwhelming majority of these daily emails are correspondence that contains, on average, between three to four sentences from each party per email. The contents do not include any references or complex concepts or require complex drafting. The contents of over 90% of these emails without loss of the main thread can be summarized as follows:

35.     Mr. Tauster asks Mr. Ratner where the relevant documents (discovery production and responses to interrogatories) are, i.e., "Where are the documents?".

36.     Mr. Ratner, under various excuses, promises to submit required documentation shortly, i.e., "I will have them to you E.O.D. (or a specific date)."

37.     What is of note here is that all tasks related to the correspondence exchange with Mr. Ratner by Mr. Tauster required 0.3 hours each to complete them, which does not appear to be a reasonable time commitment for such a non-complex and non-loquacious task.

38.     Plaintiff argues that all of the email correspondence exchange records in the submitted Affidavit should be accounted for with 0.1 hours of required time each given the preceding as these high incremental charges appear to inflate fees artificially.

**Defendant's counsel included in their request ample time spent with their client on briefing the client, and engaged in block billing:**

39.     Under the Compensable Tasks, Defendant included multiple email exchanges and correspondence with C. Powel and the client. C. Powell, Managing Director at State Street Bank and Trust and State Street's Legal Counsel. It is worth noting that not a single record that includes any form of interaction with C. Powell appears as a stand-alone item. All of the records related to interactions with C. Powell are appearing with other tasks to ensure that a one-time charge is assigned to multiple separate tasks (block billing). Eleven line entries list C. Powell's interactions or interaction with a client for a total of 16.4 hours across Messrs. Tauster, Rosenthal, and Caputo. The average time commitment of all of these padded items declared by the Defendant's counsel is 1.5 hours, compared to all other tasks that do not list such interactions at about 1 hour on average. This analysis makes it apparent that:

(a) Plaintiff would be unable to determine how much time any of the listed tasks took;

(b) This type of block billing is used to hide accountability and prevent Plaintiff from discerning which of the listed tasks are Compensable and which are not;

(c) The block billing is used systematically by the Defendant's counsel to misrepresent regular client updates as Compensable tasks.

40.     Plaintiff argues that Defendant's counsel may not submit a plethora of noncompensable, vague, block-billed attorney time entries and expect particularized, individual deletions as the only consequence.

41.     Plaintiff argues that all of the record that list C. Powell or the client should have a reduction of 50 percent in time submitted.

42.     Plaintiff further argues that as demonstrated, Defendant counsel engaged in impermissible billing practices, including vague descriptions, block billing, and questionable entries and that it is appropriate to impose a 25 percent across-the-board reduction in fees as seen in Solnin I, 2018 WL 4853046 (E.D.N.Y., September 28, 2018).

**Defendant counsel's Affidavit calculations are deficient due to multiplication and summation errors:**

43.     Plaintiff further argues that submitted records are deficient as they suffer from summation and multiplication errors. While of little consequences for the award numbers, these are demonstrative of the issues that plague the Defendant's counsel billing practices overall (namely fat fingering and lack of adequate four-eye check):

(a) page 3, paragraph 5 of the Affidavit lists 67.4 hours of work as a total number of hours;

(b) summary of the line items provided by the Defendant's counsel in the invoices from page 6 to page 21 inclusive add up to the total of 66.7 hours;

(c) Using correct number of declared hours from the invoice, the total of the declared fees is $36,450.40 contrary to the $37,199.60 listed by the Defendant's counsel on page 3, paragraph 5 of the Affidavit;

(d) Mr. Tauster's subtotal is listed as $20,996.60 on the page 3, paragraph 5 of the Affidavit, whereas multiplying his listed billing rate ($476) by his listed hours (44.1) results in $20,991.60.

(e) The Affidavit, contrary to the point (c) above, on the page 3, paragraph 5 lists the total fees incurred at $37,119.60, which not only contradicts that summation with the correct numbers from the point (c) but also contradicts the basic summation of the individual subtotals listed on page 3, paragraph 5 which amounts to $37,124.60.

**Conclusion:**

44.    Because Defendant's counsel submitted an unreasonable request for fees plagued with impermissible billing practices, the entire demand should be reduced to **$15,657.45** as follows from the calculations presented in Exhibit B after the application of across-the-board reduction of fees of 25%.

45.    Alternatively, the award to the Defendant's counsel should be reduced to the amount of **$20,876.60** as presented in Exhibit B before application of across-the-board reduction of fees.

Respectfully submitted,

KSENIA SHNYRA

DATED: December 18, 2020

**Exhibit A: Invoices included in the Affidavit (page 6 – page 21 inclusive)**

| Row ID | Date | Timekeeper | Hours | Description of Services |
|---|---|---|---|---|
| 1 | 9/21/20 | D. Tauster | 0.3 | Exchange correspondence with M. Ratner regarding the discovery demands and responses. |
| 2 | 9/22/20 | D. Tauster | 0.3 | Exchange correspondence with M. Ratner regarding the outstanding discovery. |
| 3 | 9/22/20 | D. Tauster | 0.3 | Preliminary review and analysis of K. Shnyra's written document responses. |
| 4 | 9/23/20 | D. Tauster | 0.3 | Exchange correspondence with M. Ratner regarding outstanding discovery. |
| 5 | 9/24/20 | D. Tauster | 0.3 | Exchange correspondence with M. Ratner regarding the outstanding discovery. |
| 6 | 9/25/20 | D. Tauster | 0.1 | Review and analyze correspondence from M. regarding the outstanding discovery. |
| 7 | 9/25/20 | D. Tauster | 1.3 | Preliminary review and analysis of the initial document production from K. Shnyra and A. Reyngold. |
| 8 | 9/28/20 | D. Tauster | 0.2 | Draft correspondence to M. Ratner regarding the outstanding discovery. |
| 9 | 9/30/20 | D. Tauster | 0.1 | Review and analyze correspondence from M. Ratner regarding the outstanding discovery. |
| 10 | 10/9/20 | D. Rosenthal | 0.3 | Review letter. Confer with D. Tauster regarding same. |
| 11 | 10/14/20 | D. Rosenthal | 1.3 | Prepare for and attend court conference. E-mails with D. Tauster and C. Powell regarding same. |
| 12 | 10/15/20 | D. Rosenthal | 0.2 | E-mails with D. Tauster. |
| 13 | 10/16/20 | D. Rosenthal | 0.6 | Confer with D. Tauster and C. Powell regarding and next steps on motion for sanctions to compel. |
| 14 | 10/21/20 | D. Rosenthal | 2 | Read and revise Declaration and Motion for Sanctions. E-mails with D. Tauster regarding same. |
| 15 | 10/29/20 | D. Rosenthal | 0.3 | E-mails regarding Ratner filing. Review court order. |
| 16 | 10/30/20 | D. Rosenthal | 0.5 | Review filing by Ratner. E-mails regarding same. |
| 17 | 10/21/20 | G. Rosner | 1.1 | Review, organize and file Notice of Motion for Sanctions and or to Compel with 37 exhibits. |
| 18 | 10/13/20 | D. Rosenthal | 0.2 | Confer with D. Tauster. |
| 19 | 10/13/20 | D. Tauster | 0.2 | Review and analyze the order granting a pre- motion conference on the motion for sanctions. Confer with D. Rosenthal regarding same. |
| 20 | 10/14/20 | D. Tauster | 2.5 | Review and analyze the declaration of K. Shnyra submitted in advance of the sanctions motion conference. Prepare arguments and outline for the conference. Confer with D. Rosenthal regarding same. Appear at the sanctions conference before Judge Woods. Correspondence with C. Powell regarding same. |
| 21 | 10/15/20 | D. Tauster | 2.4 | Draft the declaration of D. Tauster in support of the motion for sanctions, including review and analysis of prior correspondence among counsel and other related documents. |
| 22 | 10/16/20 | D. Tauster | 0.8 | Meeting with C. Powell regarding the sanctions motion. Confer with D. Rosenthal. |
| 23 | 10/16/20 | D. Tauster | 3.1 | Continue drafting the declaration in support of the motion for sanctions. |

| Row ID | Date | Timekeeper | Hours | Description of Services |
|---|---|---|---|---|
| 24 | 10/18/20 | D. Tauster | 4 | Begin drafting the memorandum of law in support of the sanctions motion, including review and analysis of relevant case law in connection with same. |
| 25 | 10/19/20 | D. Tauster | 5.4 | Continue drafting the memorandum of law in support of the motion for sanctions. |
| 26 | 10/20/20 | D. Rosenthal | 0.3 | Confer with D. Tauster regarding motion. |
| 27 | 10/20/20 | D. Tauster | 3.7 | Continue drafting the declaration and memorandum of law in support of the sanctions motion. Review and analyze case law in support of same. Confer with D. Rosenthal regarding same. |
| 28 | 10/21/20 | D. Tauster | 3.8 | Revise the memorandum of law. Confer with D. Rosenthal regarding same. Draft the notice of motion. Draft correspondence to C. Powell regarding the motion. |
| 29 | 10/27/20 | D. Tauster | 0.6 | Telephone call with M. Ratner regarding the sanctions motion and possible settlement. Exchange correspondence with C. Powell regarding same. |
| 30 | 10/29/20 | D. Tauster | 0.4 | Exchange correspondence with C. Powell regarding the lack of an opposition to the sanctions motion. Confer with D. Rosenthal regarding same. |
| 31 | 10/29/20 | D. Tauster | 0.2 | Review and analyze the order regarding Plaintiffs' failure to file a response to the sanctions motion. Confer with D. Rosenthal regarding same. |
| 32 | 10/30/20 | D. Tauster | 0.5 | Preliminary review and analysis of Plaintiffs' opposition to the motion for sanctions. Exchange correspondence with C. Powell regarding same. |
| 33 | 10/1/20 | D. Tauster | 0.2 | Preliminary review and analysis of the K. Walker document production. |
| 34 | 10/1/20 | D. Tauster | 0.3 | Review and analyze correspondence from M. Ratner regarding the status of the outstanding discovery. |
| 35 | 10/5/20 | D. Tauster | 0.1 | Draft correspondence to M. Ratner regarding the outstanding discovery. |
| 36 | 10/6/20 | D. Tauster | 0.4 | Draft correspondence to M. Ratner regarding the outstanding discovery. Confer with D. Rosenthal regarding same. |
| 37 | 10/8/20 | D. Tauster | 1.5 | Draft the pre-motion letter regarding the proposed motion for discovery sanctions. |
| 38 | 10/8/20 | D. Tauster | 0.5 | Review and analyze correspondence from M. Ratner regarding the status of discovery. Confer with D. Rosenthal regarding same. |
| 39 | 10/9/20 | D. Tauster | 0.7 | Continue drafting the letter requesting a pre-motion conference for a motion for sanctions. Confer with D. Rosenthal regarding same. |
| 40 | 11/1/20 | D. Tauster | 5.1 | Draft the reply memorandum of law in response to the for sanctions. |
| 41 | 11/2/20 | D. Rosenthal | 1.7 | Read and revise draft reply brief. Confer with D. Tauster and C. Powell regarding same. |
| 42 | 11/2/20 | D. Tauster | 0.1 | Confer with D. Rosenthal regarding the opposition to the motion and our response to same. |
| 43 | 11/2/20 | D. Tauster | 0.5 | Continue drafting the reply brief for the sanctions motion. |
| 44 | 11/2/20 | D. Tauster | 0.8 | Revise the reply memorandum of law for the sanctions motion per comments from D. Rosenthal. |
| 45 | 11/3/20 | D. Rosenthal | 2 | Read and revise draft brief. E-mails with D. Tauster same. |
| 46 | 11/4/20 | D. Rosenthal | 1 | Read and review revised brief. Provide comments. E-mails with D. Tauster regarding same. |

| Row ID | Date | Timekeeper | Hours | Description of Services |
|--------|------|------------|-------|------------------------|
| 47 | 11/4/20 | D. Tauster | 2.5 | Exchange correspondence and documentation with C. Powell regarding the reply to the sanctions motion. Confer with D. Rosenthal regarding same. Final revisions to the reply memorandum of law based on comment received. |
| 48 | 11/4/20 | G. Rosner | 0.4 | Review, finalize and file Reply Memorandum of Law in Further Support of Defendant's Motion for Sanctions or Compel. |
| 49 | 11/10/20 | D. Tauster | 0.5 | Review and analyze correspondence and documentation from M. Ratner regarding Plaintiffs' interrogatory responses. |
| 50 | 11/13/20 | D. Tauster | 0.4 | Confer with M. Caputo and D. Rosenthal regarding the status of discovery received from Plaintiffs. |
| 51 | 11/16/20 | D. Rosenthal | 0.7 | Review court notice. Confer with D. Tauster and M. Caputo. Begin to prepare for Friday hearing. |
| 52 | 11/16/20 | M. Caputo | 0.5 | Review and analyze motion for sanctions, plaintiffs' opposition, and client's reply in preparation for hearing regarding same. |
| 53 | 11/18/20 | D. Rosenthal | 2.6 | Prepare for argument on Motion for Sanctions. |
| 54 | 11/18/20 | M. Caputo | 0.7 | Review and analyze correspondence with plaintiffs' counsel regarding discovery obligations. Conduct legal research regarding waiver of discovery objections in connection with sanctions hearing. |
| 55 | 11/19/20 | D. Rosenthal | 1.5 | Continued preparation for argument. Review court order and e-mails regarding same. |
| 56 | 11/19/20 | M. Caputo | 1.7 | Review and analyze plaintiffs' responses to client's discovery requests, and draft memorandum regarding same in preparation for sanctions hearing. Review and analyze court order regarding sanctions hearing, and correspond with client regarding same. |
| 57 | 11/25/20 | M. Caputo | 0.5 | Review and analyze invoices involving work related to motion for sanctions. Review and analyze court's 11/24/20 order regarding case status conference. Correspond with plaintiffs' counsel regarding discovery issues. |
| 58 | 11/30/20 | D. Rosenthal | 1.8 | Review decision on sanctions motion. Prepare for conference on Wednesday. |
| 59 | 11/30/20 | M. Caputo | 0.4 | Correspond with M. Ratner regarding outstanding discovery issues. Review and analyze Plaintiffs' discovery responses in preparation for meet and confer with plaintiffs' counsel. |

**Exhibit B: Table of Adjusted Calculations of Defendant's Counsel Compensable Tasks**

| Date | Timekeeper | AdjHours | AdjRate | AdjTotal | Description of Services |
|------|-----------|----------|---------|----------|------------------------|
| 9/21/20 | D. Tauster | 0.1 | 355 | $35.50 | Exchange correspondence with M. Ratner regarding the discovery demands and responses. |
| 9/22/20 | D. Tauster | 0.1 | 355 | $35.50 | Exchange correspondence with M. Ratner regarding the outstanding discovery. |
| 9/22/20 | D. Tauster | 0.3 | 355 | $106.50 | Preliminary review and analysis of K. Shnyra's written document responses. |
| 9/23/20 | D. Tauster | 0.1 | 355 | $35.50 | Exchange correspondence with M. Ratner regarding outstanding discovery. |
| 9/24/20 | D. Tauster | 0.1 | 355 | $35.50 | Exchange correspondence with M. Ratner regarding the outstanding discovery. |
| 9/25/20 | D. Tauster | 0.1 | 355 | $35.50 | Review and analyze correspondence from M. regarding the outstanding discovery. |
| 9/25/20 | D. Tauster | 0 | 355 | $0.00 | Preliminary review and analysis of the initial document production from K. Shnyra and A. Reyngold. |
| 9/28/20 | D. Tauster | 0.2 | 355 | $71.00 | Draft correspondence to M. Ratner regarding the outstanding discovery. |
| 9/30/20 | D. Tauster | 0.1 | 355 | $35.50 | Review and analyze correspondence from M. Ratner regarding the outstanding discovery. |
| 10/9/20 | D. Rosenthal | 0.3 | 513 | $153.90 | Review letter. Confer with D. Tauster regarding same. |
| 10/14/20 | D. Rosenthal | 0.7 | 513 | $359.10 | Prepare for and attend court conference. E-mails with D. Tauster and C. Powell regarding same. |
| 10/15/20 | D. Rosenthal | 0.2 | 513 | $102.60 | E-mails with D. Tauster. |
| 10/16/20 | D. Rosenthal | 0.3 | 513 | $153.90 | Confer with D. Tauster and C. Powell regarding and next steps on motion for sanctions to compel. |
| 10/21/20 | D. Rosenthal | 2 | 513 | $1,026.00 | Read and revise Declaration and Motion for Sanctions. E-mails with D. Tauster regarding same. |
| 10/29/20 | D. Rosenthal | 0.3 | 513 | $153.90 | E-mails regarding Ratner filing. Review court order. |
| 10/30/20 | D. Rosenthal | 0.5 | 513 | $256.50 | Review filing by Ratner. E-mails regarding same. |
| 10/21/20 | G. Rosner | 1.1 | 248 | $272.80 | Review, organize and file Notice of Motion for Sanctions and or to Compel with 37 exhibits. |
| 10/13/20 | D. Rosenthal | 0.2 | 513 | $102.60 | Confer with D. Tauster. |
| 10/13/20 | D. Tauster | 0.2 | 355 | $71.00 | Review and analyze the order granting a pre- motion conference on the motion for |

| Date | Timekeeper | AdjHours | AdjRate | AdjTotal | Description of Services |
|---|---|---|---|---|---|
| | | | | | sanctions. Confer with D. Rosenthal regarding same. |
| 10/14/20 | D. Tauster | 1.3 | 355 | $461.50 | Review and analyze the declaration of K. Shnyra submitted in advance of the sanctions motion conference. Prepare arguments and outline for the conference. Confer with D. Rosenthal regarding same. Appear at the sanctions conference before Judge Woods. Correspondence with C. Powell regarding same. |
| 10/15/20 | D. Tauster | 2.4 | 355 | $852.00 | Draft the declaration of D. Tauster in support of the motion for sanctions, including review and analysis of prior correspondence among counsel and other related documents. |
| 10/16/20 | D. Tauster | 0.4 | 355 | $142.00 | Meeting with C. Powell regarding the sanctions motion. Confer with D. Rosenthal. |
| 10/16/20 | D. Tauster | 3.1 | 355 | $1,100.50 | Continue drafting the declaration in support of the motion for sanctions. |
| 10/18/20 | D. Tauster | 4 | 355 | $1,420.00 | Begin drafting the memorandum of law in support of the sanctions motion, including review and analysis of relevant case law in connection with same. |
| 10/19/20 | D. Tauster | 5.4 | 355 | $1,917.00 | Continue drafting the memorandum of law in support of the motion for sanctions. |
| 10/20/20 | D. Rosenthal | 0.3 | 513 | $153.90 | Confer with D. Tauster regarding motion. |
| 10/20/20 | D. Tauster | 3.7 | 355 | $1,313.50 | Continue drafting the declaration and memorandum of law in support of the sanctions motion. Review and analyze case law in support of same. Confer with D. Rosenthal regarding same. |
| 10/21/20 | D. Tauster | 1.9 | 355 | $674.50 | Revise the memorandum of law. Confer with D. Rosenthal regarding same. Draft the notice of motion. Draft correspondence to C. Powell regarding the motion. |
| 10/27/20 | D. Tauster | 0.3 | 355 | $106.50 | Telephone call with M. Ratner regarding the sanctions motion and possible settlement. Exchange correspondence with C. Powell regarding same. |
| 10/29/20 | D. Tauster | 0.2 | 355 | $71.00 | Exchange correspondence with C. Powell regarding the lack of an opposition to the sanctions motion. Confer with D. Rosenthal regarding same. |
| 10/29/20 | D. Tauster | 0.2 | 355 | $71.00 | Review and analyze the order regarding Plaintiffs' failure to file a response to the sanctions motion. Confer with D. Rosenthal regarding same. |

| Date | Timekeeper | AdjHours | AdjRate | AdjTotal | Description of Services |
|---|---|---|---|---|---|
| 10/30/20 | D. Tauster | 0.3 | 355 | $106.50 | Preliminary review and analysis of Plaintiffs' opposition to the motion for sanctions. Exchange correspondence with C. Powell regarding same. |
| 10/1/20 | D. Tauster | 0 | 355 | $0.00 | Preliminary review and analysis of the K. Walker document production. |
| 10/1/20 | D. Tauster | 0.1 | 355 | $35.50 | Review and analyze correspondence from M. Ratner regarding the status of the outstanding discovery. |
| 10/5/20 | D. Tauster | 0.1 | 355 | $35.50 | Draft correspondence to M. Ratner regarding the outstanding discovery. |
| 10/6/20 | D. Tauster | 0.4 | 355 | $142.00 | Draft correspondence to M. Ratner regarding the outstanding discovery. Confer with D. Rosenthal regarding same. |
| 10/8/20 | D. Tauster | 1.5 | 355 | $532.50 | Draft the pre-motion letter regarding the proposed motion for discovery sanctions. |
| 10/8/20 | D. Tauster | 0.5 | 355 | $177.50 | Review and analyze correspondence from M. Ratner regarding the status of discovery. Confer with D. Rosenthal regarding same. |
| 10/9/20 | D. Tauster | 0.7 | 355 | $248.50 | Continue drafting the letter requesting a pre-motion conference for a motion for sanctions. Confer with D. Rosenthal regarding same. |
| 11/1/20 | D. Tauster | 5.1 | 355 | $1,810.50 | Draft the reply memorandum of law in response to the motion for sanctions. |
| 11/2/20 | D. Rosenthal | 0.9 | 513 | $461.70 | Read and revise draft reply brief. Confer with D. Tauster and C. Powell regarding same. |
| 11/2/20 | D. Tauster | 0.1 | 355 | $35.50 | Confer with D. Rosenthal regarding the opposition to the motion and our response to same. |
| 11/2/20 | D. Tauster | 0.5 | 355 | $177.50 | Continue drafting the reply brief for the sanctions motion. |
| 11/2/20 | D. Tauster | 0.8 | 355 | $284.00 | Revise the reply memorandum of law for the sanctions motion per comments from D. Rosenthal. |
| 11/3/20 | D. Rosenthal | 2 | 513 | $1,026.00 | Read and revise draft brief. E-mails with D. Tauster same. |
| 11/4/20 | D. Rosenthal | 1 | 513 | $513.00 | Read and review revised brief. Provide comments. E-mails with D. Tauster regarding same. |
| 11/4/20 | D. Tauster | 1.3 | 355 | $461.50 | Exchange correspondence and documentation with C. Powell regarding the reply to the sanctions motion. Confer with D. Rosenthal regarding same. Final revisions to the reply memorandum of law based on comment received. |

| Date | Timekeeper | AdjHours | AdjRate | AdjTotal | Description of Services |
|---|---|---|---|---|---|
| 11/4/20 | G. Rosner | 0.4 | 248 | $99.20 | Review, finalize and file Reply Memorandum of Law in Further Support of Defendant's Motion for Sanctions or Compel. |
| 11/10/20 | D. Tauster | 0.5 | 355 | $177.50 | Review and analyze correspondence and documentation from M. Ratner regarding Plaintiffs' interrogatory responses. |
| 11/13/20 | D. Tauster | 0.4 | 355 | $142.00 | Confer with M. Caputo and D. Rosenthal regarding the status of discovery received from Plaintiffs. |
| 11/16/20 | D. Rosenthal | 0.7 | 513 | $359.10 | Review court notice. Confer with D. Tauster and M. Caputo. Begin to prepare for Friday hearing. |
| 11/16/20 | M. Caputo | 0.5 | 296 | $148.00 | Review and analyze motion for sanctions, plaintiffs' opposition, and client's reply in preparation for hearing regarding same. |
| 11/18/20 | D. Rosenthal | 2.6 | 513 | $1,333.80 | Prepare for argument on Motion for Sanctions. |
| 11/18/20 | M. Caputo | 0.7 | 296 | $207.20 | Review and analyze correspondence with plaintiffs' counsel regarding discovery obligations. Conduct legal research regarding waiver of discovery objections in connection with sanctions hearing. |
| 11/19/20 | D. Rosenthal | 1.5 | 513 | $769.50 | Continued preparation for argument. Review court order and e-mails regarding same. |
| 11/19/20 | M. Caputo | 0.9 | 296 | $266.40 | Review and analyze plaintiffs' responses to client's discovery requests, and draft memorandum regarding same in preparation for sanctions hearing. Review and analyze court order regarding sanctions hearing, and correspond with client regarding same. |
| 11/25/20 | M. Caputo | 0 | 296 | $0.00 | Review and analyze invoices involving work related to motion for sanctions. Review and analyze court's 11/24/20 order regarding case status conference. Correspond with plaintiffs' counsel regarding discovery issues. |
| 11/30/20 | D. Rosenthal | 0 | 513 | $0.00 | Review decision on sanctions motion. Prepare for conference on Wednesday. |
| 11/30/20 | M. Caputo | 0 | 296 | $0.00 | Correspond with M. Ratner regarding outstanding discovery issues. Review and analyze Plaintiffs' discovery responses in preparation for meet and confer with plaintiffs' counsel. |

**Total:**          **$20,876.60**

**Total after 25% across-the-board fees reduction:**          **$15,657.45**

**Exhibit C: Bureau of Labor Statistics, CPI for Urban Wage Earners and Clerical Workers (CPI-W) time series (https://data.bls.gov/timeseries/CWUR0000SA0) extracted on December 18, 2020**

| Year | November |
|------|----------|
| 2010 | 214.75 |
| 2011 | 222.813 |
| 2012 | 226.595 |
| 2013 | 229.133 |
| 2014 | 231.551 |
| 2015 | 231.721 |
| 2016 | 235.215 |
| 2017 | 240.666 |
| 2018 | 245.933 |
| 2019 | 250.644 |
| 2020 | 253.826 |