UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KSENIA SHNYRA et al,<br><br>                                    Plaintiffs,<br><br>               v.<br><br>STATE STREET BANK & TRUST COMPANY,<br>INC.,<br><br>                                    Defendant. | 19-CV-02420 (GHW) |

**SECOND AFFIDAVIT OF COUNSEL
IN FURTHER SUPPORT OF STATE STREET'S
FEE APPLICATION**

1.      I am submitting this Second Affidavit of Counsel in further support of State Street Bank & Trust Co.'s application to the Court for an award of attorneys' fees, pursuant to the Court's Order on Sanctions dated November 24, 2020, and in response to the objection filed by one of the Plaintiffs in this case (Dr. Shnyra) on December 18, 2020.  I note that only Dr. Shnyra has submitted an objection; not Mr. Ratner, and not the other two Plaintiffs.

2.      Dr. Shnyra complains about the billable rates charged by Nixon Peabody to State Street.  As I noted in my initial Affidavit of Counsel (the "First Affidavit"), the rates charged to State Street are substantially discounted from the rates ordinarily charged by me and the other Nixon lawyers working on this case.  (First Affidavit, ¶ 3).  Mr. Tauster and Mr. Caputo live and work in New York, and I am admitted to the New York Bar (since 1977).  I have been practicing since 1976 and have been awarded a number of designations by Bar-related organizations for my work as an employment lawyer (Super Lawyer, Best Lawyers, Chambers) over the 44 years I have been practicing.  My area of specialization is employment litigation and counseling.  Mr. Tauster and Michael Caputo are also experienced practitioners of employment litigation, having been admitted to the New York Bar in 2008 and 2013, respectively.  I have also been directly involved

4844-1478-5749.1

in establishing the competitive billing rates for the employment attorneys who work for Nixon Peabody. I am the Practice Group Leader for Nixon Peabody's Labor and Employment Practice Group. In that role, I have to be knowledgeable about billing rates in the communities in which we have offices, including our four New York offices, and about the amounts we charge to clients for our employment law litigation services. Based on my extensive experience as a practitioner and manager of other practitioners working in this field, including in New York, the rates charged to State Street are substantially discounted, entirely reasonable, and less than one would expect for a matter like this in Federal Court.

3.      Dr. Shnyra objects to including three time entries for dates following issuance of the Court's November 24, 2020 Order (total billed: $1,731.60). There is no cut-off in the Court's Order, and, unfortunately, State Street was still "chasing" the full discovery to which it was entitled on the date the First Affidavit was filed. (First Affidavit, ¶ 7). All three of these objected to time entries relate directly to Nixon Peabody's continuing efforts to continue to "chase" the discovery from Plaintiffs, and to seek attorneys' fees pursuant to the Court's Order.

4.      Dr. Shnyra is confused about Mr. Tauster's personal knowledge regarding the inadequacy of Plaintiffs' production. Plaintiffs have not questioned such deficiency, or that it consisted of previously filed EEOC documents. Mr. Tauster personally reviewed the early production by Plaintiffs, and determined that it was inadequate because it appeared to contain only the documents that Plaintiffs had previously produced to the EEOC, and did not come close to fully responding to State Street's Request for Production of Documents, among other deficiencies. He was not stating, expressly or by implication, that someone else had reviewed the early production. Most importantly, he had to see what had been produced in order to determine that it was grossly inadequate. As one reviews the time entries, one can see that on September 22, Mr. Tauster did his initial review of the documents, and he immediately began to "pursue" the

missing documents because the Plaintiffs' production was so deficient.  See time entries for September 23-30, 2020.  These were exactly the Compensable Tasks for which the Court awarded attorney's fees as a sanction against Plaintiffs and Mr. Ratner.

5.      Dr. Shnyra asserts that in charging .3 hours for certain correspondence, Mr. Tauster charged too much time.  To begin with, there are several entries for .1 hours or .2 hours for such correspondence.  See time entries for September 25, 28 and 30, 2020, and October 5, 2020. (Compare to Shnyra Objection, ¶ 37).  Where more than .1 or .2 hours are recorded by Mr. Tauster, it was because Mr. Tauster spent that time dealing with Plaintiffs' and Mr. Ratner's failure to follow the rules and comply with the Court's orders.

6.      Dr. Shnyra apparently objects to counsel communicating with his client (Christopher J. Powell of State Street) about the deficiencies in Plaintiffs' production, and the efforts to secure the discovery to which State Street was entitled.  In fact, the only communications with Mr. Powell for which fees are sought, concern the persistent failures to produce written discovery by Plaintiffs, and what State Street wanted to do about it.  Mr. Powell is an attorney at State Street responsible for managing outside counsel on employment law matters.  As is clear from the First Affidavit, Plaintiffs' and their counsel's sloth and recalcitrance required State Street to expend a great deal of State Street's resources.  In doing so, counsel for State Street required Mr. Powell's consent.  Keeping the client informed about these efforts was expected and essential. Mr. Powell was directly involved in the discussions concerning Plaintiffs' repeated failures to produce the required discovery, and the remedies for it, and State Street's efforts to "chase" the discovery.  Had Plaintiffs simply done what was required, the consultation with Mr. Powell about Plaintiffs' failures would not have been necessary.

7.      Dr. Shnyra also objects to "block billing" on some time entries on Nixon Peabody's invoices to State Street.  State Street does not require Nixon Peabody to breakdown its work for it

item by item, despite what Dr. Shnyra would prefer.  No one expected that State Street would have a reason to seek sanctions and submit its bills in any form other than in the exact format submitted to State Street.  (See First Affidavit, ¶¶ 2, 4).  All of the time submitted with the First Affidavit relates to Compensable Tasks only, and therefore the block billing is a matter of no consequence.  As a matter of fact, only a small percentage of the time entries refer to multiple tasks, and, as to those, all tasks are related to each other, and concern only Compensable Tasks.  As an example, see the time entries for David Tauster on October 21 and 27, in which all of the related tasks concern preparation of the motion for sanctions.

8.      The sum for Mr. Tauster is incorrect by $5.00, but the total sum for all time spent for Compensable Tasks, $37,119.60, appearing in paragraph 5 of the First Affidavit is correct (including the correct number for Mr. Tauster).  It is that sum ($37,119.60) which State Street is requesting as a sanction.

9.      For the reasons set forth in the First Affidavit and this one, and given my knowledge of the work undertaken by Nixon Peabody because of Plaintiffs' and Mr. Ratner's failures to comply with the rules and this Court's orders, and my years of experience as a practitioner and manager, I have no hesitation in stating that:

(1)      the time recorded was necessary, and was spent by me and my colleagues;

(2)      the time spent was reasonable for all tasks; and

(3)      the rates for the work performed by all counsel and our paralegal were reasonable given the background and experience of these professionals, and are at least consistent with rates charged for comparable work by comparable attorneys in New York.

Sworn to under the pains and penalties of perjury this 22st day of December, 2020.

_____/s/ David S. Rosenthal_____
David S. Rosenthal