UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KSENIA SHNYRA, ALEXANDER REYNGOLD, and KENNETH WALKER,<br><br>Plaintiffs,<br><br>-against-<br><br>STATE STREET BANK AND TRUST CO., INC.,<br><br>Defendant. | Case No.: 19-cv-02420 (GHW) |

# PLAINTIFF SHNYRA'S SECOND LETTER OF OBJECTIONS TO DEFENDANT'S STATEMENT OF FEES AND EXPENSES FILED ON DECEMBER 22, 2020, *PRO SE*

1. I am submitting this second letter of objections to the second Affidavit of Defendant's counsel filed on December 22, 2020.

2. Defendant's counsel argues that the rates submitted for Compensable Tasks are reasonable. As a part of his argument on the above, Defendant's counsel listed Plaintiff's objections as "complaints," referred to his extensive experience in the industry, and ascertained that both Mr. Tauster and Mr. Caputo live and practice in New York. All of this information is of little consequence to the matter at hand.

3. Similarly to the first Affidavit filed on December 7, 2020, the second Affidavit by counsel also fails to establish why the lodestar model, the golden standard for compensable cost calculations, should be dismissed in favor of discretionary calculations.

1

4.      Both of the affidavits submitted by Mr. Rosenthal fail to establish an argument as to why billable rates of Nixon Peabody could be considered a reasonable market rate. None of the Defendant's counsel calculations rely on any industry benchmark appropriate for applying to the case or legal precedents. Mr. Rosenthal also chose to omit the fact that while Mr. Caputo and Mr. Tauster indeed live and work in New York State, both of their permanent offices are outside of the "area where the court (SDNY) sits": (Rochester and Long Island, respectively).

5.      Plaintiff argues that Defendant's counsel is mistaken that billable rates, as well as discounts to State Street referenced, are of any relevance for the case. What is of significance are the reasonable market rates, for which Plaintiff provided calculations in the first letter of objections.

6.      Arguments like "I have to be knowledgeable to the subject" do not address the core of the reasonable market rate issue. The argument (a) does not handle the inherent bias in favor of his client the Defendant's attorney is logically expected to exhibit and (b) fails to establish a foundation as to why the billable rates presented are reasonable market rates.

7.      Plaintiff indeed has a lot of respect for Mr. Rosenthal's extensive years of litigation experience. Plaintiff notices, that precisely for this reason, Plaintiff expected Mr. Rosenthal to have an absolute proficiency with the requirements for such Affidavit preparation (such as years of experience disclosure, the definition of the market rates, an appropriate model for producing calculations, etc.)

8.      Plaintiff also notices that Defendants' counsel Affidavit filed on December 22, 2020, contains some personal attacks against the Plaintiff (e.g., see where Defense counsel assigns to Plaintiff and their attorney at the time such unique characteristics as "sloth," and "recalcitrance"). Plaintiff will not respond in kind. Plaintiff objects to Defense counsel's attacks

as irrelevant and having no authority or weight to the court's issues. Plaintiff remains available to answer to counsel's words and descriptions should the court require.

9. Defendant's counsel argues that there is no cutoff in the Court Order as of November 24, 2020, and claims that the entries provided past November 24, 2020, were incurred to chase after the discovery. It is worth noting that the Court Order lists activities in preparing the motion to dismiss and sanction as the last of Compensable Tasks. There are no activities listed that pass the Motion submission, as such, establishing a cutoff date by this very fact.

10. Defendant's counsel argues that Mr. Tauster reviewed the initial Plaintiff's production himself. To substantiate his argument, he offers a second look at the same invoices submitted in the first Affidavit to demonstrate that Mr. Tauster logged the activities on the dates following the date of actions in question to "pursue the missing documents." This argument is logically flawed as (a) it provides a circular reference to the invoices that are questioned in the first instance as an independent source of authentication, (b) fails to address the deficiencies Plaintiff pointed out by comparing two Affidavits and their corresponding language, and (c) fails to address ghost billing nature of the issue and establish any evidence or custody chain as to what would prevent Mr. Tauster from filing activities in pursuit of the missing documents based on the review performed by someone else. Unless Mr. Rosenthal can ascertain that statements "on information and belief" imply first-hand knowledge of the topic, the argument appears to be logically flawed and circular.

11. Plaintiff further notices that ghost billing should be scrutinized as it may constitute (1) a deceptive practice, (2) a violation of Business and Professions Code (3) bill padding, and (4) an attempt to collect an unconscionable fee or cost in violation of the Rules of

Professional Conduct and it is the burden that falls on the Defendant's counsel to demonstrate that such billing was not, in fact, ghost billing.

12. Mr. Rosenthal appears to misread Plaintiff's objections related to "reading correspondence from and writing correspondence to Mr. Ratner." Defendant's counsel references time entries for September 25, 28, and 30, 2020, and October 5, 2020, listed below as contrary examples:

9/25/20    D. Tauster    0.1 hour for "Review and analyze correspondence from M. Ratner regarding the outstanding discovery."

9/28/20    D. Tauster    0.2 hour for "Draft correspondence to M. Ratner regarding the outstanding discovery."

9/30/20    D. Tauster    0.1 hour for "Review and analyze correspondence from M. Ratner regarding the outstanding discovery."

10/5/20    D. Tauster    0.1 hour to "Draft correspondence to M. Ratner regarding the outstanding discovery."

13. All of these records referenced by Defendant's counsel are not representative of the issue to which Plaintiff objects as they fail to demonstrate the "exchange" part of the objections where both, reading and writing occurs and as such they do not get a revision from the Plaintiff's calculations.

14. Mr. Rosenthal further argues that communication with the client representative, an attorney at State Street responsible for managing outside counsel on employment law matters,

was essential to the Compensable Tasks. According to the Affidavit, such block-billing is a standard practice in the Defendant's counsel invoices to State Street.

15. Issues of block billing are brought up here as block billing has the potential of, among other things, camouflaging non-Compensable Tasks, and as such, should be regarded with suspicion and reviewed for the potential violations of professional code of conduct. State Street may very well accept block billing. While it is not wise, it is also of little consequences here, as the invoices are used to establish Compensable tasks to award sanctions, not attorney-client dispute.

16. Plaintiff also notes that if the Defendant's counsel uses block-billing, it should be regarded as their burden to prove that all of the time entries that were block billed are compensable and appropriate. The "expected and essential" statement of Defendant's counsel fails to provide any objective argument or basis for such award.

17. Plaintiff recently examined the American Bar Association's relevant rules on Client-Lawyer relationship. The rules require the lawyer to reasonably consult with the Client about the means to accomplish the Client's objectives. However, keeping Mr. Powell "directly involved in the discussions concerning Plaintiff's repeated failures to produce discovery and remedies for it" is not essential given Defendant's accurate description of the activities that took place with Mr. Powell in attendance. The guiding principle is that the lawyer should fulfill reasonable client expectations for information consistent with the duty to act in the Client's best interests, but not that the Client should be directly involved in every single discussion and participate in, for example, Memorandum of Law preparation discussions. Plaintiff argues that Defendants counsel failed to demonstrate that the consultations with Mr. Powell should be regarded as Compensable Tasks as they are not essential.

18.    The Defendant's counsel appears to misread the calculation errors already pointed out by Plaintiff in the first Affidavit. There are multiple compounding arithmetic errors in the calculation as broken down in the details below:

19.    The sum of Mr. Tauser's hours is 44.4, not 44.1 as stated in Mr. Rosenthatl's summary. Hence Mr. Tauser's total is off by $138 (=difference in hours, 0.3, multiplied by Mr. Tauser's claimed hourly rate, $476), not $5 as Mr. Rosenthal claims.

20.    The sum of Mr. Rosenthal's hours is 17, not 18 as in summary, so the total is $13,804 (17 hours multiplied by Mr. Rosenthal's claimed hourly rate of $812), not $14,616 as Mr. Rosenthal claims.

21.    Even using Mr. Rosenthal's incorrect individual subtotals, their sum comes out to $37,124.60, not $37,119.60 as Mr. Rosenthal claims. Please see the Excel calculation below.

|  | Subtotal Listed in Affidavit |
|---|---|
| D. Rosenthal | $ 14,616.00 |
| D. Tauser | $ 20,996.60 |
| G. Rosner | $ 372.00 |
| M. Caputo | $ 1,140.00 |
| sum of above | $ 37,124.60 |

22.    Using the correct hours (44.4 for Mr. Tauser, and 17 for Mr. Rosenthal), and commonly agreed-upon rules of arithmetic, the total comes out to $36,450.40, not $37,119.60 Mr. Rosenthal claims. Please see the calculation below.

|  | Hours Based on Summation of Line Items | Rate | Subtotals Recalculated Based on Line Item Hours |
|---|---|---|---|
| D. Rosenthal | 17 | 812 | $ 13,804.00 |
| D. Tauster | 44.4 | 476 | $ 21,134.40 |
| G. Rosner | 1.5 | 248 | $ 372.00 |
| M. Caputo | 3.8 | 300 | $ 1,140.00 |
|  |  |  | $ 36,450.40 |

23.     The Defendant's counsel is welcomed to check the math by plugging the corresponding numbers in Excel.

Respectfully submitted,

*[signature: Ksenia Shnyra]*

DATED: December 23, 2020