USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
KSENIA SHNYRA, ALEXANDER                                          :
REYNGOLD, and KENNETH WALKER,                                     :
                                                                  :
                                             Plaintiffs,          :
                                                                  :
                       -v-                                        :      1:19-cv-02420-GHW
                                                                  :
STATE STREET BANK AND TRUST CO.,                                  :
INC.,                                                             :             ORDER
                                                                  :
                                             Defendant.           :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

### I.    Background

On November 24, 2020, the Court issued an order imposing sanctions on Plaintiffs and their counsel as a result of their failure to comply with their discovery obligations. Dkt. No. 74 (the "Sanctions Order"). The Court ordered that Plaintiffs and their counsel pay the reasonable costs and expenses incurred by Defendant as a result of Plaintiffs' failure to comply with their discovery obligations. Sanctions Order at 21. The Court did not determine the appropriate amount of the award, however. The Court directed Defendant to submit a fee application documenting "its compensable fees and expenses . . . ," so that the Court could evaluate an appropriate award *Id.*

Defendant submitted its response on December 7, 2020. Declaration of David S. Rosenthal, Dkt. No. 79 ("Rosenthal Decl."). The submission asserted that Defendant had incurred $37,119.60 in legal fees as a result of Plaintiffs' sanctionable conduct. *Id.* at 3. It attached detailed time records describing the work of each of the legal professionals involved. One of the plaintiffs, Dr. Ksenia Shnyra, then acting *pro se*, filed an opposition to Defendant's fee application on December 21, 2020. Dkt. No. 89 ("Opp."). Defendant filed its reply affidavit on September December 22, 2020. Dkt. No. 91 ("Reply"). Dr. Shnyra filed a sur-reply on December 30, 2020. Dkt. No. 95. While the motion was pending, the Court entered a stay of the action to permit the parties to focus on a

potential pre-trial resolution of the case. Dkt. No. 108. On October 21, 2021, the Court lifted the stay, and now determines the appropriate amount of sanctions to be awarded to Defendant.

## II. Legal Standard

"As with the award of statutory attorneys' fees to a party that prevails on the merits, an award of fees as a sanction for discovery abuse begins with a lodestar analysis." *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK) (JCF), 2008 WL 1899938, at *2 (S.D.N.Y. Apr. 29, 2008). The lodestar—"the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). While presumptively reasonable, the lodestar is not "conclusive in all circumstances." *Id.* at 167 (quoting *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 553 (2010)). A district court "may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee. However, such adjustments are appropriate only in rare circumstances, because the lodestar figure [already] includes most, if not all, of the relevant factors constituting a reasonable attorney's fee." *Id.* (internal quotations and citations omitted, alteration in original).

Second Circuit precedent requires a party seeking an award of attorneys' fees to support its request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). District courts have "considerable discretion" in determining what constitutes a reasonable award of attorneys' fees. *Arbor Hill*, 522 F.3d at 190. The Second Circuit has directed that district "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir.

2009)). Those hourly rates "are the market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

In determining a reasonable hourly fee, the Second Circuit has also instructed district courts to consider "*all* of the case-specific variables." *Arbor Hill*, 522 F.3d at 190. The touchstone inquiry is "what a reasonable, paying client would be willing to pay." *Id.* at 184; *see id.* at 192 ("By asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services."). The court should "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively" and "should also consider that [a client] might be able to negotiate with his or her attorneys." *Id.* at 190. A district court may additionally factor into its determination "the difficulty of the questions involved[,] the skill required to handle the problem[,] the time and labor required[,] the lawyer's experience, ability and reputation[,] the customary fee charged by the Bar for similar services[,] and the amount involved." *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *2 (S.D.N.Y. Dec. 6, 2010) (alterations in original) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)), *report and recommendation adopted*, No. 09 Civ. 8665 (JGK), 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011).

"The district court retains discretion to determine what constitutes a reasonable fee." *Millea*, 658 F.3d at 166 (quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Id.* "Attorney's fees must be reasonable in terms of the circumstances of the particular case . . . ." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999).

**II.     Discussion**

    **A.  Reasonable Hours**

The Court has reviewed the billings records submitted by Defendant and finds the number of hours for which Defendant seeks compensation to be reasonable with the exceptions detailed below. Defendant seeks reimbursement for a total of 66.7 hours as a result of Plaintiffs' sanctionable conduct, including time spent pursuing discovery, and the time required to brief its motion to compel and for sanctions. The detailed time sheets submitted by Defendant show that David Tauster, a senior associate, billed 44.4 hours, David Rosenthal, a partner, billed 17.0 hours, Michael Caputo, a senior associate, billed 3.8 hours, and that Gail Rosner, a paralegal, billed 1.5 hours. Rosenthal Decl., Exs. 1–3.

The billing records show that counsel for Defendant worked efficiently in connection with the discovery-related issues and the preparation of Defendant's motion to compel. In their motion to compel, Defendant's counsel aptly summarized a lengthy factual record and presented the substantial supporting documentation to the Court in a well-organized and thoughtful way. The amount of time billed for that work in particular was very reasonable. The time spent on other projects that fell within the scope of the Court's sanctions order was also reasonable.

The billing records presented to the Court do not contain inappropriate block billing that impedes meaningful review. "Block billing refers to a single time entry that includes a variety of distinct tasks." *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 CIV. 3600 (SWK), 2005 WL 3099592, at *5 n.9 (S.D.N.Y. Nov. 17, 2005). "Block billing makes it difficult for the court to allocate time to individual activities in order to gauge the reasonableness of time expended on each activity." *Id.* "Block billing is 'not prohibited in this Circuit as long as the Court can determine the reasonableness of the work performed,' and 'billing descriptions that are fairly general, including terms such as 'case preparation' or 'meeting' may be

sufficiently concrete, when viewed in context, to permit the court to make a judgment about the reasonableness of the total hours claimed.'" *Abdell v. City of New York*, No. 05-CV-8453 RJS, 2015 WL 898974, at *4 (S.D.N.Y. Mar. 2, 2015) (Sullivan, J.) (quoting *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09–cv–4602 (PGG), 2013 WL 6508813, at *11 (S.D.N.Y. Dec. 12, 2013)).

Dr. Shnyra has pointed to a number of instances of what she claims to be improper block billing. *See* Opp. at 39. Having reviewed the billing records submitted by each attorney here, however, the Court finds that they are not unreasonably vague or general. Instead, they provide sufficient information for the Court to evaluate the reasonableness of the time billed. For example, Mr. Tauster reported that he billed 3.8 hours on October 21, 2020 with the following narrative: "Revise the memorandum of law. Confer with D. Rosenthal regarding same. Draft the notice of motion. Draft correspondence to C. Powell regarding the motion." Rosenthal Decl., Ex. 2. p. 8. This single entry refers to a number of activities, but they are all related. The fact that the entry commingles several activities does not prevent the Court from evaluating the reasonableness of the amount of time expended. The Court has reviewed all of the entries challenged by Dr. Shnyra and finds them, like this one, to be sufficiently concrete in context.

There are several time entries for work conducted by Defendant's counsel that do not fall within the scope of the Court's order awarding sanctions. Those entries fall within two categories: first, work that was not the result of Plaintiffs' sanctionable conduct, and, second, work done after briefing of the motion to compel was completed. In the first category are three entries by Mr. Tauster regarding his preliminary review of Plaintiffs' discovery responses, which total 1.8 hours.[1] Defendant's counsel would have been required to review Plaintiffs' discovery responses whenever

---

[1] The relevant billing entries are the following: September 22, 2020, 0.30 hours ("Preliminary review and analysis of K. Shnyra's written document responses."); September 25, 2020, 1.30 hours ("Preliminary review and analysis of the initial document production from K. Shnyra and A. Reyngold."); and October 1, 2020, 0.20 hours ("Preliminary review and analysis of the K. Walker document production.").

5

they were produced—time for that work is not compensable as a sanction. The second category includes three entries by Messrs. Rosenthal and Caputo, which total 2.7 hours.[2] Those entries include time spent on discovery issues following the entry of the Court's order imposing sanctions: the Court's order did not award costs and fees for discovery-related issues incurred after the date of the order itself.

### B. Reasonable Hourly Rate

The Court finds that the rates charged by Defendant's counsel are excessive with respect to the work involved in this sanctions application. Defendant is represented in this litigation by Nixon Peabody LLP, an international law firm. *See* https://www.nixonpeabody.com (Last visited October 25, 2021). As described above, three lawyers and one paralegal billed time to this matter: David Rosenthal was a senior partner at Nixon Peabody and was the Practice Group Leader for the firm's Labor and Employment Practice Group. Rosenthal Decl. ¶ 3, Reply ¶ 2. He billed at a rate of $812/hr. Rosenthal Decl. ¶ 3. Mr. Tauster was an associate at the firm, who was admitted to the New York bar in 2008. Reply ¶ 2. He billed at a rate of $476/hr. Rosenthal Decl. ¶ 3. Mr. Caputo was an associate at the firm, who was admitted to the New York bar in 2013. Reply ¶ 2. He billed at a rate of $300/hr. Rosenthal Decl. ¶ 3. Ms. Rosner, the paralegal, billed at a rate at of $248/hr. *Id.* Counsel for Defendant has asserted that these are the actual rates billed by them to their client, and that the rates represent a substantial discount from the usual rate that the firm bills clients for employment litigation matters. Reply ¶ 2.

The Court does not take issue with the quality of Defendant's representation, but a reasonable, paying client who wished to spend the "minimum necessary to litigate the case

---

[2] The relevant billing entries are the following: Mr. Caputo, November 25, 2020, 0.50 hours ("Review and analyze invoices related to motion for sanctions. Review and analyze court's 11/24/20 order regarding case status conference. Correspond with plaintiffs' counsel regarding discovery issues."); Mr. Rosenthal, November 30, 2020, 1.80 hours ("Review decision on sanctions motion. Prepare for conference on Wednesday."); and Mr. Caputo, November 30, 2020, 0.40 hours ("Correspond with Mr. Ratner regarding outstanding discovery issues. Review and analyze Plaintiffs' discovery responses in preparation for meet and confer with plaintiffs' counsel.").

effectively" could pay less. *Arbor Hill*, 522 F.3d at 190. "Courts in this district have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450." *Feng Chen v. Patel,* No. 16 Civ. 1130 (AT), 2020 WL 1547457, at *3 (S.D.N.Y. Mar. 31, 2020) (internal citation and quotation marks omitted). Mr. Rosenthal's time is appropriately billed at the top of this range—$450/hr. The Court believes that the billing rate for Mr. Tauster, who had been a member of the bar for 12 years, and did strong work on the matters before the Court, should be reduced to $400/hr., which is within the range for senior employment lawyers. *Yuajian Lin v. La Vie En Schezuan Rest. Corp.*, No. 15-CV-9507, 2020 WL 1819941, at *3 (S.D.N.Y. Apr. 9, 2020) (noting that "courts in this District have recently determined that a reasonable rate for senior attorneys handling wage-and-hour cases, in this market, typically ranges from $300 to $400 per hour."). The rate charged for Mr. Caputo, $300/hr., falls within the range recently approved for employment lawyers with approximately 8 years of experience. *See Field v. Metro. Transportation Auth.,* No. 20-cv-928 (RA), 2021 WL 22817, at *3 (S.D.N.Y. Jan. 4, 2021) ("This Court . . . will follow the lead of other judges within this District who have found that $300 is an appropriate hourly rate for a senior associate with at least eight years of experience.").

The billing rate for Defendant's paralegal, Ms. Rosner, should be reduced to $100/hr. No information about Ms. Rosner's professional background and experience was provided to the Court by Defendant. "When a party fails to provide a court with relevant background and experience information concerning a paralegal, a reduction in the rate billed by the paralegal may be made by the court." *Vargas Garcia v. Park*, 2019 WL 6117596, at *5 (S.D.N.Y. 2019) (reducing hourly paralegal rate from $200 to $100). So too here. The Court will reduce the billing rate for Ms. Rosner to $100/hr.

Applying the reasonable rates to the number of hours reasonably billed by counsel, the Court calculates a lodestar of $24,900 ((42.6x400)+(15.2x450)+(2.9x300)+(1.5x100)).

While presumptively reasonable, the lodestar is not "conclusive in all circumstances." *Millea*, 658 F.3d at 167 (quoting *Perdue*, 559 U.S. at 553). The Court has significant discretion in setting the amount of an appropriate reward. *Arbor Hill*, 522 F.3d at 190. Here, the Court has not been presented with a sufficient justification to deviate from the lodestar. The Court notes that the lodestar, as calculated by the Court, incorporates a substantial reduction in the amounts billed by Defendant's counsel—no further decrement is warranted.

Liability for the award of sanctions is imposed jointly and severally on Plaintiffs. The Court has "wide discretion to apportion Rule 37 monetary sanctions between a party and its counsel." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-cv-1318 (GBD)(BCM), 2017 WL 3671036, at *20 (S.D.N.Y. July 18, 2017), *report and recommendation adopted*, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017). Here, responsibility for Plaintiffs' failure to comply with their obligations rests with both Plaintiffs and their former counsel. In its Sanctions Order, the Court found that the obligation should be born jointly and severally by Plaintiffs and their former counsel. *See* Sanctions Order; December 14, 2020 Order, Dkt. No. 84. However, since the date of the Sanctions Order, Plaintiffs' former counsel has been granted leave to withdraw from the case. Dkt. No. 94. On the other hand, Plaintiffs are proceeding actively with the litigation of the case through new counsel. The Court is concerned that imposing sanctions on Plaintiffs and their former counsel jointly and severally through this order would lead to issues regarding its enforcement—delaying payment to Defendant while Plaintiffs seek reimbursement of all or part of the amount from their former counsel, who is facing his own challenges. *See generally* Dkt. No. 70. Plaintiffs are actively litigating the case and appear to have the financial wherewithal to satisfy the award either directly, or through

the ultimate resolution of this matter.  The sanction award is, therefore, imposed on Plaintiffs jointly and severally.[3]

**IV. Conclusion**

Plaintiffs are ordered to pay $24,900 to Defendant.  Plaintiffs are jointly and severally liable for the payment of this sanction.  The Court requests that the parties meet and confer to establish a reasonable schedule for the payment of this amount.  In the event of a disagreement regarding the payment schedule, the parties should present it to the Court for resolution.

SO ORDERED.

Dated: October 25, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[3] While the Court is not allocating the sanction to Plaintiffs' former counsel in this order for the reason described above, the Court's decision does not preclude Plaintiffs from seeking recovery of all or a portion of the awarded sanctions from their former counsel.