UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

KSENIA SHNYRA, ALEXANDER
REYNGOLD, and KENNETH WALKER,

                                    Plaintiffs,

                    -v-

STATE STREET BANK AND TRUST CO.,
INC.,

                                    Defendant.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/26/2022

1:19-cv-2420-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

## I.     BACKGROUND

On November 24, 2020, the Court issued an order imposing sanctions on Plaintiffs and their counsel as a result of their failure to comply with Plaintiffs' discovery obligations. Dkt. No. 74 (the "Sanctions Order"). The Court ordered that Plaintiffs and their counsel pay the reasonable costs and expenses incurred by Defendant as a result of Plaintiffs' failure to comply with their discovery obligations. Sanctions Order at 21. In ordering the payment of those expenses, the Court declined to impose the more severe sanction requested by Defendant—dismissal of the action. On October 25, 2021, the Court issued a separate order calculating the amount of Defendant's legal fees for which Plaintiffs were responsible. Dkt. No. 121 (the "Fee Award Order"). In the Fee Award Order, the Court concluded that the amount of Defendant's compensable costs and expenses as a result of Plaintiffs' non-compliance was $24,900, a substantial reduction from the $37,119.60 requested by Defendant.

In the Fee Award Order, the Court concluded that Plaintiffs were jointly and severally liable for payment of the full amount. Plaintiffs construe that order as absolving their former counsel of any responsibility for his fault in contributing to Plaintiffs' discovery failings. That was not the intention of the Court, as indicated in footnote 3 of the Fee Award Order. Instead, the Court

imposed the direct liability for the full amount of the fees on Plaintiffs largely for ease of execution. The Court was concerned that imposing a joint and several award on Plaintiffs and counsel would further burden Defendant as a result of Plaintiffs' misconduct—imposing on Defendant the cost and time involved in the execution of the award against Mr. Ratner. The Court anticipated that Plaintiffs might, as they have here, argue that they should not be jointly responsible for the full amount of the payment, and that collateral litigation would ensue regarding the degree of fault attributable to Mr. Ratner and themselves, delaying reimbursement to Defendant. As a consequence, the Court imposed the initial burden of payment on Plaintiffs with the expectation that they would pursue reimbursement from Mr. Ratner separately, as described in footnote 3 of the order. That mechanism eliminated undue burden on Defendant, and took Defendant out of the middle of any dispute between Plaintiffs and their former counsel regarding the apportionment of the amount due. Because Plaintiffs were found to be jointly and severally liable for the full amount in the Sanctions Order, the approach did not increase the amount of Plaintiffs' liability.

On November 8, 2021, Plaintiffs filed a motion for reconsideration of the Fee Award Order. Dkt. No. 124. In it, they do not challenge the amount of the award. Rather, because they interpret the order as absolving Mr. Ratner from liability, they believe the result to be unfair. They ask that the Fee Award Order "be modified to (1) allocate a percentage of the $24,900 sanctions award to Plaintiffs' former attorney Mikhail Ratner and a percentage to Plaintiffs, or (2) in the alternative, and consistent with the Court's Original Sanctions Order, reinstate liability on Ratner and Plaintiffs, jointly and severally." Memorandum of Law in Support of Motion for Reconsideration, Dkt. No. 125 (the "MOL").

In its opposition to the motion for reconsideration, Defendant supports the Court's conclusions in the Fee Award Order. Dkt. No. 128 (the "Opposition"). Among other things, Defendant points to the evidence of intransigence by Plaintiffs themselves, which supported the Court's conclusion that Plaintiffs, as well as Mr. Ratner, should be held responsible for their failures.

Defendant also argues that the Court's decision to require Plaintiffs to pay the full amount of the fees owed up front was appropriate. "To be sure, there will be costs—in time and money—incurred by the party that is required to pursue Mr. Ratner for any part of the Sanctions Award. But if any party should be required to bear that cost, it is Plaintiffs—Mr. Ratner was their counsel and Plaintiffs engaged in their own sanctionable conduct. Requiring State Street to bear these costs will only prejudice it and prevent it from being made whole." Opposition at 10.

## II.     LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party must set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enf't*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing *Wilder v. News Corp.*, No. 11-cv-4947 (PGG), 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016)). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). "A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Gottlieb v. Tyler*, 795 F. App'x 82, 83 (2d Cir. 2020).

## III.     DISCUSSION

Plaintiffs' motion does not provide sufficient justification for the Court to reconsider the determination that Plaintiffs should be held jointly responsible for the full amount of the sanction. In the Sanctions Order, the Court found that the individual Plaintiffs were responsible for the non-

compliance in part.  Mr. Ratner bore substantial responsibility for the misconduct, but not sole responsibility.  The Court made specific findings regarding the failures of the individual Plaintiffs in the Sanctions Order.  *See* Sanctions Order at 18-19, 21.  This was not a situation in which the sins of the lawyer were visited upon wholly blameless clients.  The Opposition points to some of the comments made by Mr. Ratner attributing some of the responsibility for the delay to his clients.  Opposition at 8-9.  And the Court noted evidence of their contribution to the discovery failings in the Sanctions Order.  *See, e.g.*, Sanctions Order at 18 ("And a year and a half into the litigation, and five months into the discovery period, Dr. Shnyra has disclosed that only now are Plaintiffs reviewing documents for production to their counsel for review.").

However, modification of the Fee Award Order is appropriate because it was not the intention of the Court to absolve Mr. Ratner of responsibility for his conduct.  As the Court held previously, he bore substantial, if not sole, responsibility for Plaintiffs' failures.  By ordering that Plaintiffs pay the full amount of the fees in the Fee Award Order, it was the intention of the Court to establish a structure that would reimburse Defendant promptly, and to place the burden of pursuing Mr. Ratner's contribution on Plaintiffs, rather than on Defendant.  It was not the intention of the Court to suggest that Mr. Ratner bore no responsibility for Plaintiffs' misconduct.

Plaintiffs are correct that language of the Fee Award Order can reasonably be read to relieve Mr. Ratner of his obligations with respect to the award amount.  Footnote 3 of the order was intended to make clear that Plaintiffs were at liberty to pursue Mr. Ratner for reimbursement of all or any portion of the amount that they paid Defendant.  But Plaintiffs reasonably argue that the language could be read to exculpate Mr. Ratner, and it does vary from the Court's decision in the Sanctions Order itself.  As a result, the Court believes that the language of its order should be amended to provide that Plaintiffs and Mr. Ratner are jointly and severally liable for the fee award, consistent with the Sanctions Order.

The Court will adopt a different mechanism to achieve the goal of ensuring that Defendant is promptly reimbursed and that Defendant need not expend further resources as a result of Plaintiffs' misconduct—spending money to chase down payment from Plaintiffs and Mr. Ratner as Defendant previously chased down discovery.  The Court will simply order that the payment be made by a date certain, rather than leaving that issue to be decided by the parties.  Plaintiffs and Mr. Ratner can work together to allocate the percentage of the sanctions award to be borne by each prior to the due date.  But any failure to agree will not delay the date on which payment of the full amount is due.  Failure to make full payment when due will result in the imposition of further sanctions.

The Court will also provide Plaintiffs the opportunity to provide evidence to the Court of their inability to pay the award.  The Court understands that Plaintiffs believe that the record regarding their collective ability to pay $24,500 ($8,116.67 each) has not been sufficiently developed, and that the Court's understanding that they were financially able to pay an award of that amount lacks adequate foundation.  In the Fee Award Order, the Court wrote that "Plaintiffs . . . appear to have the financial wherewithal to satisfy the award . . . ."  Sanctions Award Order at 8.  In their motion for reconsideration, "Plaintiffs note that nothing in the record before the Court provides any information about their financial wherewithal . . . ."  MOL at 4 n. 1.

In the Fee Award Order, the Court was referring to the fact that Plaintiffs had not argued that they were unable to satisfy a fee award in their briefing, thus, it appeared to the Court that Plaintiffs' ability to pay was not at issue.  But the Court may also have been influenced by the extensive allegations in the complaint regarding Plaintiffs' financial experience and expertise.  *See, generally*, Dkt. No. 1.  Because those allegations are not facts, Plaintiffs rightly characterize them as not being part of the record.  The Court should not infer from them that Plaintiffs collectively have the financial wherewithal to satisfy the sanctions award.  While Plaintiffs did not raise the concern previously, ability to satisfy the award is a meaningful consideration for the Court when evaluating

an award of sanctions, and it is fair to provide Plaintiffs the opportunity to develop the record further on that issue. Consequently, the Court will provide Plaintiffs the opportunity to present financial affidavits to support the contention that they are unable to satisfy the award individually or collectively.

Accordingly, Plaintiffs' motion to reconsider the Fee Award Order is granted in part and denied in part. The order is modified as follows: Plaintiffs and Mr. Ratner are ordered to pay $24,900 to Defendant. Plaintiffs and Mr. Ratner are jointly and severally liable for the payment of the sanction. The full amount of the sanction award must be paid to Defendant no later than April 29, 2022. Failure to make full payment of the award on that date will result in the imposition of further sanctions. To the extent that any Plaintiff or Mr. Ratner contend that they are financially unable to pay all or any portion of the award, they are directed to submit a sworn affidavit to the Court detailing their financial assets and liabilities, income and expenses, together with a memorandum explaining the impact of the sanction award on their finances generally. Any such supplemental submission must be filed no later than March 22, 2022.

IV.    CONCLUSION

Plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part. The Fee Award Order is modified as described above.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 124 and to mail a copy of this order to Mikhail Ratner at the address listed on the docket of this case.

SO ORDERED.

Dated:  February 26, 2022

_____
GREGORY H. WOODS
United States District Judge